**COMMUNICATIONS WORKERS OF AMERICA, AFL–CIO,**
Plaintiff-Appellee,

v.

**UNITED TELEPHONE COMPANY OF OHIO**, Defendant-Appellant,

No. 73–1840.

United States Court of Appeals, Sixth Circuit.

Feb. 7, 1974.

James Allan Smith, David S. Engle Smith, Currie & Hancock, Atlanta, Ga., on brief for defendant-appellant.

Metzenbaum, Gaines, Finley & Stern Co., L. P. A., by Melvin S. Schwarzwald, Mark A. Rock, Cleveland, Ohio, on brief for plaintiff-appellee.

Before EDWARDS, CELEBREZZE and McCREE, Circuit Judges.

PER CURIAM.

We have before us appellee's motion to dismiss an appeal brought by appellant, United Telephone Company of Ohio, from an order entered by the District Court on June 29, 1973. Appellee contends that said order was not the final order of the court within the meaning of 28 U.S.C. § 1291 (1970), and in any event it was not "a separate document" within the meaning of Rule 58(2) of the Federal Rules of Civil Procedure, and hence, that this court lacks jurisdiction of the appeal.

In the June 29 order the District Court specifically indicated, "Findings of fact and conclusions of law shall follow," and thereafter on July 19 a subsequent Memorandum Opinion and Order, signed by the District Judge, was filed.

Meantime, however, appellant had filed a Notice of Appeal, dated July 11, 1973, from the court's June 29 order.

Still later, the Clerk of the Court entered a judgment in compliance with the Memorandum Opinion and Order of July 19, which judgment was dated July 27, 1973. No subsequent Notice of Appeal was filed.

Under Rule 58 of the Federal Rules of Civil Procedure amended in 1963, a judgment must be "a separate document" which must in complex orders (Rule 58(2) ) be approved as to form by the court. The purpose of the separate document provision is thus explained:

"This represents a mechanical change that would be subject to criticism for its formalism were it not for the fact that something like this was needed to make certain when a judgment becomes effective, which has a most important bearing, *inter alia,* on the time for appeal and the making of post-judgment motions that go to the finality of the judgment for purposes of appeal." 6A J. Moore, Federal Practice ¶ 58.04[4.2], at 58–161 (1973).

▆ In this appeal neither the Order of June 29, 1973, nor the Memorandum Opinion and Order of July 19, 1973, was a judgment within the meaning of this rule, since neither was "a separate document" as opposed to "a decision by the court" within the meaning of Rule 58(2). Richland Trust Co. v. Federal Insurance Co., 480 F.2d 1212 (6th Cir. 1973). *See also* United States v. Indrelunas, 411 U.S. 216, 93 S.Ct. 1562, 36 L. Ed.2d 202 (1973).

▆ The remaining question for determination on this motion to dismiss appeal is whether the form of the judgment entered by the Clerk on July 27, 1973, had been approved by the court within the meaning of Rule 58(2). We note in this regard that the language of the body of the judgment of July 27 was an exact copy of the last three paragraphs of the July 19, 1973, Memorandum and Order of the District Judge which bore his personal signature. Nonetheless, we consider it both safer procedure in dealing with a complex order and more in compliance with the technical nature of Rule 58(2) for the judgment to show the court's approval as to form in some appropriate notation on its face.

The case is remanded to the District Court for re-entry of the judgment of July 27, with such a notation. It is from that document with its new date that appeal may be taken.