**Nelle CLOYD, Plaintiff-Appellee,**

v.

**Elliot RICHARDSON, Secretary of Health, Education and Welfare, Defendant-Appellant.**

**No. 74–2273.**

United States Court of Appeals, Sixth Circuit.

Feb. 13, 1975.

George J. Long, U. S. Atty., Louisville, Ky., William Kanter, Donald Etra, Appellate Section, Civ. Div., Dept. of Justice, Washington, D. C., for defendant-appellant.

Robert G. Hunt, King, Deep & Branaman, Henderson, Ky., for plaintiff-appellee.

Before PHILLIPS, Chief Judge and PECK and LIVELY, Circuit Judges.

PER CURIAM.

This case is before the court on cross-motions. The appellee has filed a motion to dismiss or affirm. The appellant has filed a motion for summary reversal and alternative petition for a writ of mandamus. All motions have been re-

486

ferred to a panel of the court pursuant to Rule 3(e), Rules of the Sixth Circuit.

Following remand of this case on a previous appeal the District Judge filed, and the clerk of the district court entered, a document styled "Judgment and Order." This document set forth certain findings of the court and its reasoning in reaching a conclusion on the issue referred to it by our remand. The document also contained a specific order for the payment of an attorney fee. The clerk did not sign or enter a separate judgment as required by Rule 58, Fed.R.Civ.P. A docket entry is not sufficient. Strict compliance with Rule 58 is required. United States v. Indrelunas, 411 U.S. 216, 93 S.Ct. 1562, 36 L.Ed.2d 202 (1973); Richland Trust Co. v. Federal Insurance Co., 480 F.2d 1212 (6th Cir. 1973); Communications Workers of America v. United Telephone Co. of Ohio, 491 F.2d 207 (6th Cir. 1974); Columbus Coated Fabrics v. Industrial Commission of Ohio, 498 F.2d 408 (6th Cir. 1974). The fact that the document which the judge signed was styled "Judgment and Order" is immaterial. The rule requires that there be a "separate document" which is distinct from any other document entered in the case, including an opinion or memorandum. United States v. Indrelunas, *supra*; Notes of Advisory Committee following Rule 58; 6A J. Moore, Federal Practice para. 58.04 [4.-1], at 58–161 (1972).

In a response to appellant's cross-motion, appellee complains that the appellant waited four months before raising the issue of the district court's failure to enter a separate judgment. The Supreme Court found such an argument unavailing in United States v. Indrelunas, *supra,* 411 U.S. at 221, 93 S.Ct. 1562.

The case is remanded to the district court for entry of a separate judgment in accordance with Rule 58. It is from that document with its new date that an appeal may be taken.

So ordered. Each party will pay its own costs on appeal.