**David P. WEINBERGER, Esq.,
Plaintiff-Appellant,**

v.

**UNITED STATES of America,
Defendant-Appellee.**

**No. 76–4365.**

United States Court of Appeals,
Fifth Circuit.

Sept. 19, 1977.

David P. Weinberger, West Miami, Fla., pro se.

Robert W. Rust, U. S. Atty., William R. Northcutt, Asst. U. S. Atty., Miami, Fla., for defendant-appellee.

ON PETITION FOR REHEARING, PETITION FOR REHEARING EN BANC AND MOTION TO VACATE

(Opinion July 5, 1977, 5 Cir. 1977, 555 F.2d 1390).

Before AINSWORTH, MORGAN and GEE, Circuit Judges.

GEE, Circuit Judge:

Appellant Weinberger has filed, in addition to a petition for rehearing, a motion to vacate our judgment of affirmance. He asserts we lack jurisdiction of this matter

for want of a judgment complying with the requirement of Rule 58, Fed.R.Civ.P., that each judgment be set out on a separate document. The order of dismissal in this case is set out in the margin.[1] The order, it cannot be gainsaid, does contain one citation. And *United States v. Indrelunas*, 411 U.S. 216, 93 S.Ct. 1562, 36 L.Ed.2d 202 (1973), does state that Rule 58 is to be mechanically applied.

Mechanically, yes; mindlessly, no. It would be better had the citation been omitted, and doubtless a very little more would have rendered the order vulnerable to appellant's attack. But we are not engaged in a parlor game, and the sin is venial, not mortal. As our Brothers of the Ninth Circuit stated, responding to a similar contention:

> The Navajo apparently feel that the District Court's one-sentence explanation of the order transformed it into an opinion or a memorandum, thereby failing to satisfy Rule 58. We think not. To allow the one-sentence explanation embodied in the order to transform it into an opinion or memorandum rather than an order would be the proverbial elevation of form over substance. The document was explicitly denominated an "order," and was apparently understood to be such by the parties. The Supreme Court has held that "[a] pragmatic approach to the question of finality has been considered essential to the achievement of the 'just, speedy, and inexpensive determination of every action . . . .'" *Brown Shoe Co. v. United States*, 1962, 370 U.S. 294, 306, 82 S.Ct. 1502, 1513, 8 L.Ed.2d 510. We have no doubt that the court, the parties, and the clerk considered the August 3, 1970, order as final. There is no reason to subject the parties to further expense and delay by requiring them to

return to the District Court to have a new order entered.

*Hamilton v. Nakai*, 453 F.2d 152, 155 (9th Cir.), *cert. denied*, 406 U.S. 945, 92 S.Ct. 2044, 32 L.Ed.2d 332 (1972). The motion to vacate is denied, and a careful review of appellant's petition for rehearing making plain that it is without merit, it is likewise DENIED. Further, no member of this panel nor Judge in regular active service on the Court having requested that the Court be polled on rehearing en banc, (Rule 35 Federal Rules of Appellate Procedure; Local Fifth Circuit Rule 12) the Petition for Rehearing En Banc is DENIED.

---

[1] ORDER

Defendant's motion to dismiss the complaint on the ground that the Court does not have jurisdiction over the subject matter, and on the ground that plaintiff has failed to state a claim against the defendant upon which relief may be granted having duly come on to be heard, and the Court having the record before it, and the Court being otherwise duly advised in the premises, it is

ORDERED AND ADJUDGED that the motion be, and the same hereby is granted, and the complaint is dismissed. *See, e. g., Dalehite v. U. S.*, 346 U.S. 15, 73 S.Ct. 956, 97 L.Ed. 1427 (1953). All other motions are denied as moot.

Done and Ordered in Chambers at Miami, Florida, this 30th day of September, 1976.