**FURR'S CAFETERIAS, INC.,**
Plaintiff-Appellee,

v.

**NATIONAL LABOR RELATIONS BOARD et al.,**
Defendants-Appellants.

No. 77-1462.

United States Court of Appeals,
Fifth Circuit.

Jan. 17, 1978.

Elliott Moore, Deputy Asst. Gen. Counsel, William Wachter, Asst. Gen. Counsel, John S. Irving, Gen. Counsel, John E. Higgins, Jr., Dept. Gen. Counsel, Michael D. Stein, Atty., Washington, D.C., for defendants-appellants.

Robert P. Tinnin, Jr., Albuquerque, N. M., William R. Moss, Lubbock, Tex., for plaintiff-appellee.

Before TUTTLE, COLEMAN and RONEY, Circuit Judges.

COLEMAN, Circuit Judge.

On June 2, 1976, Furr's Cafeterias, Inc., filed a complaint under the Freedom of Information Act, 5 U.S.C. § 552, for the production of certain affidavits in the possession of the Board. After a hearing on Furr's motion for a preliminary injunction, on July 13, 1976, the District Court enjoined the NLRB from holding certain hearings. The Court stated, *"This is a final order and judgment"* (emphasis added). On September 17, 1976, a notice of appeal was filed in the District Court, having been mailed by the NLRB on September 9. On December 3, 1976, this Court dismissed the appeal as untimely (rehearing denied December 30, 1976).

On January 10, 1977, NLRB filed a motion in the District Court to amend its July 13 order to clarify whether it was intended to be a preliminary injunction [appealable under § 1292(a)] or a final order (appealable under § 1291). Alternatively, the NLRB moved for entry of a judgment separate from the July 13 opinion-order, as per Rule 58, F.R.Civ.P. The Board also moved for a nunc pro tunc order extending the time to file notice of appeal from the July 13 order. The motions were denied on January 10. Notice of appeal was filed on February 28, 1977. The NLRB then moved this Court for reversal of the January 10 order. The motion was denied by an interim order on March 21, 1977.

We heard oral argument in Fort Worth on November 8, 1977.

It must be specially noted that although the District Court on July 13, 1976, was conducting a hearing on the issuance of a preliminary injunction, its multi-page findings of fact and conclusions of law concluded with an injunction against NLRB hearings and stated that it was a "final order and judgment". However, no judgment was entered on a separate document as required by Rule 58, F.R.Civ.P.;[1] *United*

1. Rule 58, F.R.Civ.P., provides:

*Entry of Judgment*

Subject to the provisions of Rule 54(b): (1) upon a general verdict of a jury, or upon a decision of the court that a party shall recover only a sum certain or costs or that all relief shall be denied, the clerk, unless the court otherwise orders, shall forthwith pre-

*States v. Indrelunas,* 411 U.S. 216, 93 S.Ct. 1562, 36 L.Ed.2d 202 (1973); *Taylor v. Sterrett,* 5 Cir., 1976, 527 F.2d 856; *State National Bank of El Paso v. United States,* 5 Cir., 1974, 488 F.2d 890; *Sassoon v. United States,* 5 Cir., 1977, 549 F.2d 983; *Nunez v. Superior Oil Company,* 5 Cir., 1976, 535 F.2d 324; *Parrish v. Board of Commissioners of Alabama State Bar,* 5 Cir., 1976, 533 F.2d 942.

Furr's argues that Rule 58 and the cited decisions apply only to final judgments, not to such interlocutory orders as the grant or denial of preliminary injunctions; that the attempted appeal filed on September 17, 1976 should be considered as an appeal from the grant of a preliminary injunction, 28 U.S.C., § 1292(a); and that our dismissal of December 3, 1976 forecloses any further action.

■ We must disagree with this position. If the order of July 13, 1976 was merely interlocutory, the Board is nevertheless entitled to have the case proceed to final judgment, duly entered under Rule 58, from which an appeal may be taken, 28 U.S.C., § 1291, there having been no decision on the merits in the attempted appeal of September 17, 1976, see *Gloria Steamship Company v. Smith,* 5 Cir., 1967, 376 F.2d 46; *Caradelis v. Refineria Panama, S.A.,* 5 Cir., 1967, 384 F.2d 589.

■ The appropriate resolution of this situation is to vacate the orders of the District Court of January 10 and to remand the case with directions that it proceed to the entry of a final judgment on a separate document as required by Rule 58. This may be done on the existing record, supplemented by such other or further evidence as the Court, in its sound discretion, may permit or require. Thereafter, any party desiring to do so may appeal, 28 U.S.C., § 1291.

pare, sign, and enter the judgment without awaiting any direction by the court; (2) upon a decision by the court granting other relief, or upon a special verdict or a general verdict accompanied by answers to interrogatories, the court shall promptly approve the form of the judgment, and the clerk shall thereupon enter it. Every judgment shall be set forth

Orders of January 10, 1977 Vacated.

Remanded for further proceedings consistent herewith.