PER CURIAM.
 

 Appellants are apparently predicating this Court’s jurisdiction upon 28 U.S.C. § 1291.
 
 [1]
 
 We have reviewed the parties’ supplemental briefs addressing the issue of this Court’s jurisdiction which we had raised sua
 
 sponte.
 
 The specific issue is whether this Court has jurisdiction over this appeal where there is no showing in the record of any document indicating that a final judgment has been entered by the district court, except for an entry on the docket sheet.
 
 [2]
 

 We hold that this Court has no jurisdiction, since the record does not evidence
 
 *417
 
 any judicial act rendering a judgment either by way of a transcript, an opinion, or an order.
 
 See
 
 28 U.S.C. §§ 1291, 1292;
 
 Pure Oil Co. v. Boyne,
 
 370 F.2d 121 (5th Cir.1966);
 
 Burke
 
 v.
 
 Commissioner,
 
 301 F.2d 903 (1st Cir,1962). The entry on the docket sheet is merely a ministerial act performed by the court clerk pursuant to rule 79(a) of the Federal Rules of Civil Procedure.
 
 [3]
 
 Such entry is not a judicial act of adjudication exhibiting the judge’s statement of the substance of the court’s decision, sufficient as a basis for invoking this Court’s jurisdiction.
 
 Lockwood
 
 v.
 
 Wolf Corp.,
 
 629 F.2d 603, 608 (9th Cir.1980); 6A J. Moore,
 
 Moore’s Federal Practice
 
 ¶¶ 58.02, 58-56 (2d ed. 1982); 9
 
 Moore’s Federal Practice
 
 ¶ 110.08[2].
 

 “Two requirements must be met before an adjudication becomes an effective judgment: (1) the judgment must be set forth in writing on a separate document [pursuant to rule 58 of the Federal Rules of Civil Procedure
 
 [4]
 
 ], and (2) the judgment so set forth must be entered in the civil docket as provided by Rule 79(a).” 6A
 
 Moore’s Federal Practice
 
 ¶ 58.02 at 58-58 (footnote added and footnotes removed). In
 
 Bankers Trust Co. v. Mallis,
 
 435 U.S. 381, 98 S.Ct. 1117, 55 L.Ed.2d 357 (1978), the Supreme Court held that under certain circumstances the separate document requirement of rule 58 may be waived, so that a decision of a district court can be a final decision for purposes of section 1291 although not set forth on a document separate from the opinion.
 
 [5]
 

 Appellants’ reliance on
 
 Bankers Trust Co.
 
 is misplaced.
 
 Bankers Trust Co.
 
 did not hold that the evidencing of the rendition of the court’s adjudication may be waived. On the contrary, the first prerequisite the Court established for waiver of the separate document requirement, namely that the district court had “clearly evidenced its intent that the opinion and order from which an appeal was taken would represent the final decision in the case,” makes clear that there must be a clear showing of the district court’s adjudication.
 
 [6]
 

 Id.
 
 at 387, 98 S.Ct. at 1121;
 
 Caperton
 
 v.
 
 Beatrice Pocahontas Coal Co.,
 
 585 F.2d 683 (4th Cir.1978).
 

 As evidence that a judgment was rendered, appellants rely on their interpretation of the parties’ intent, and the fact that the clerk of the Bankruptcy Court entered an order taxing costs. However, these are merely ad hoc interpretations by individuals not empowered to render an adjudication of the dispute. Section 1291 and rule 58 require objective manifestation by the district court of its adjudication so that the finality of the adjudication can be independently determined by this Court.
 
 Bankers Trust Co. v. Mallis, supra; United States v. Indrelunas,
 
 411 U.S. 216, 93 S.Ct. 1562, 36 L.Ed.2d 202 (1973);
 
 Rappaport v. United States,
 
 557 F.2d 605, 606 (7th Cir.1977).
 

 
 *418
 
 Accordingly the appeal is dismissed for lack of appellate jurisdiction.
 

 [1]
 

 . 28 U.S.C. § 1291 provides in pertinent part that:
 

 The court of appeals ... shall have jurisdiction of appeals from all final decisions of the district courts of the United States, ... except where a direct review may be had in the Supreme Court....
 

 [2]
 

 . The following is the entry on the docket sheet:
 

 Dec 15 Parties present by/c for hearing on Bankruptcy Appeal. Argument by/c. Ordered that the Bankruptcy Decision is Affirmed. (Morgan, J)
 

 [3]
 

 . Rule 79(a) of the Federal Rules of Civil Procedure reads in part:
 

 The clerk shall keep a book known as “civil docket” of such form and style as may be prescribed by the Director of the Administrative Office of the United States Courts with the approval of the Judicial Conference of the United States, and shall enter therein each civil action to which these rules are made applicable.... All papers filed with the clerk, all process issued and returns made thereon, all appearances, orders, verdicts and judgments shall be entered chronologically in the civil docket on the folio assigned to the action and shall be marked with its file number. ...
 

 [4]
 

 . Rule 58 of the Federal Rules of Civil Procedure reads in part:
 

 ... Every judgment shall be set forth on a separate document. A judgment is effective only when so set forth and when entered as provided in Rule 79(a)....
 

 [5]
 

 . It is to be noted that the separate document requirement of rule 58 clarifies when the time for appeal under 28 U.S.C. § 2107 begins to run by giving notice to the losing party that a final decision has been entered against it. On the other hand, rule 79(a) merely fulfills a public recordkeeping function.
 
 Bankers Trust Co. v. Mallis,
 
 435 U.S. at 384 and n. 4, 98 S.Ct. at 1119 and n. 4.
 

 [6]
 

 . The other two requirements for finding a waiver of the rule 58 separate document requirement are: 1) a judgment recorded in the clerk’s docket, and 2) that the appellees did not object to the taking of the appeal in the absence of a separate judgment.
 
 Bankers Trust Co. v. Mallis,
 
 435 U.S. at 387-388, 98 S.Ct. at 1121.