**Daniel DIAMOND, by his mother Justine DIAMOND**

v.

**Floretta McKENZIE, et al., Appellants.**

No. 85–5205.

United States Court of Appeals, District of Columbia Circuit.

Aug. 20, 1985.

John H. Suda, Charles L. Reischel and Richard B. Nettler, Washington, D.C., were on appellants' response to show cause order.

Matthew B. Bogin and Beth Goodman, Washington, D.C., were on reply.

Before ROBINSON, Chief Judge and TAMM and STARR, Circuit Judges.

PER CURIAM:

This case presents recurring issues on the applicability and operation of Rule 58, Fed.R.Civ.P. That provision of the Federal Rules requires that every judgment, in order to enjoy legal effect, be set forth on a "separate document." We hold that Rule 58's mechanical test, as elucidated by the United States Supreme Court, was not satisfied by the District Court's order in this case. We further hold that the present appeal is timely, and we therefore discharge the order to show cause previously entered *sua sponte* by the court. We set forth our reasoning and conclusions on this procedural question inasmuch as the issues raised in this matter are recurring and are important for the sound and orderly administration of justice in this District.

I

To sketch briefly the background which spawned the question at hand, plaintiffs are Daniel Diamond, a teenaged severely learning disabled and emotionally disturbed child, and Justine Diamond, his mother. In January 1984, plaintiffs filed a complaint in the United States District Court charging that the District of Columbia Board of Education and various D.C. officials had violated plaintiffs' rights under several federal statutes and the United States Constitution. These charges stemmed from defendants' alleged failure to place Daniel in a residential educational facility appropriate to his needs.

Defendants subsequently moved to dismiss or, in the alternative, for summary judgment. On December 21, 1984, the District Court filed an order which is the pivot-

al document for our analysis. *See Diamond v. McKenzie,* No. 84–0241 (D.D.C. Dec. 21, 1984) (order). That order did several things: first, it dismissed all claims under the Civil Rights Act of 1871, the Rehabilitation Act of 1973, and the Fifth Amendment; second, it dismissed the District of Columbia Board of Education as a party; and third, it ordered defendants to place Daniel at the Vanguard School, a residential placement in Florida, and directed the District of Columbia Public Schools to pay for that placement and to reimburse Ms. Diamond for any previous tuition payments. The order stated that "[t]he Court will file a Memorandum Opinion setting forth the reasons for its decision." *Id.* at 2. It also stated that "this Order shall constitute the final order of the Court." *Id.* at 3. The order did still more; it set forth in brief fashion the court's reasoning and provided several citations to legal authorities.

On January 7, 1985, defendants moved under Rule 60(b)(6), Fed.R.Civ.P., for relief from the order. The defendants requested that their responsibility for payment for Daniel's far-away placement commence only after issuance of the anticipated memorandum opinion. Motion for Relief from the Order of December 21, 1984 at 2, *Diamond v. McKenzie,* No. 84–0241 (D.D.C. January 7, 1985). Defendants represented that they would have filed a notice of appeal in order to stay the money judgment, but that "[a] decision cannot be reached regarding an appeal ... until the facts upon which the order is based are filed." *Id.* at 1. The District Court did not rule on this motion.

On January 23, 1985, one month after its initial order, the District Court filed its memorandum opinion, which set forth both findings of fact and conclusions of law. *Diamond v. McKenzie,* 602 F.Supp. 632, 633 (D.D.C.1985) ("This Memorandum Opinion constitutes the Court's ruling on the motion to dismiss and the Court's findings of fact and conclusions of law pursuant to Fed.R.Civ.P. 52.").

On January 31, 1985, the defendants filed their notice of appeal. This notice referred to both "the January 23, 1985 Memorandum Opinion and December 21, 1984 order...." Notice of Appeal, *Diamond v. McKenzie,* No. 84–0241 (D.D.C. January 31, 1985). On February 27, 1985, this court (Robinson, C.J.) issued an order to show cause why the appeal should not be dismissed for lack of jurisdiction.[1] The issue raised by that order and discussed in the response and reply thereto is now before the court.

## II

■ In civil actions where the United States is not a party, a notice of appeal must be filed within thirty days after the date of entry of the judgment or order under appeal. 28 U.S.C. § 2107; Fed.R. App.P. 4(a)(1). The question in this case is when the time for appeal begins to run. The answer is to be found in Fed.R.Civ.P. 58(2), which provides: "Every judgment shall be set forth on a separate document. A judgment is effective only when so set forth and when entered as provided in Rule 79(a)."[2] The requirement in Fed.R.Civ.P.

---

1. The appeal in this case was timely if measured from the date of the opinion, but not if measured from the date of the order. 28 U.S.C. § 2107 provides in pertinent part:

   Except as otherwise provided in this section, no appeal shall bring any judgment, order or decree in an action, suit or proceeding of a civil nature before a court of appeals for review unless notice of appeal is filed, within thirty days after the entry of such judgment, order or decree.

   Fed.R.App.P. 4(a)(1) provides:
   In a civil case in which an appeal is permitted by law as of right from a district court to a court of appeals the notice of appeal required

by Rule 3 shall be filed with the clerk of the district court within 30 days after the date of entry of the judgment or order appealed from....

2. Fed.R.Civ.P. 58 provides in full:
   Subject to the provisions of Rule 54(b): (1) upon a general verdict of a jury, or upon a decision by the court that a party shall recover only a sum certain or costs or that all relief shall be denied, the clerk, unless the court otherwise orders, shall forthwith prepare, sign, and enter the judgment without awaiting any direction by the court; (2) upon a decision by the court granting other relief, or

79(a), in turn, is simply that the clerk of the District Court make an entry on the civil docket of the date of the judgment showing "the substance of each order or judgment of the court...." Thus, two procedural requirements exist for entry of a judgment, which triggers the running of the time for appeal: first, a statement of the judgment on a separate document, and second, the entry of the judgment by the clerk on the civil docket.[3] The initial issue in this case concerns the first requirement, whether a separate document set forth the judgment in this case.[4]

■ In cases where all of the plaintiff's claims are denied or where the judgment to be entered on a verdict or court decision is for money only, the separate-document requirement is met by the clerk simply setting forth the judgment.[5] The Appendix of Forms to the Federal Rules provides examples of forms for the entry of judgment in such cases. Fed.R.Civ.P., Appendix of Forms, Forms 31 & 32. Where more than a monetary judgment is granted, Rule 58 contemplates that the District Court "shall promptly approve the form of the judgment" but, again, on a separate document.[6] Since, as we have seen, more than a monetary award was granted in this case, this second procedure was the appropriate course to follow.

■ We are guided in our analysis of the facts at hand by the Supreme Court's decision in *United States v. Indrelunas*, 411 U.S. 216, 93 S.Ct. 1562, 36 L.Ed.2d 202 (1973) (*per curiam*), where the Court commented on the provisions and operation of Fed.R.Civ.P. 58. In that case, a jury had determined that two officers of a company were not liable for an alleged willful failure to pay withholding taxes due by the company and that, to the contrary, the officers were due a refund for their partial payment on the corporate assessments. *Id.* at 218, 93 S.Ct. at 1563. The verdict did not determine the amount due the corporate officers. *Id.* at 219, 93 S.Ct. at 1563. Nor did the District Court file a separate document embodying the judgment. Instead, the District Court clerk merely made the following entry on the civil docket: "Enter judgment on the verdicts. Jury discharged." Some twenty-three months after the verdicts, the Government moved for, and was granted, formal entry of judgments. The Government then filed a notice of appeal as to both corporate officers. *Id.* The court of appeals held that the notice of appeal was untimely because, even though no separate document had previously been prepared, the Rule 58 requirement did not apply to judgments described in clause 1 of the Rule. The Supreme Court reversed, holding that the appeal was not untimely, inasmuch as the separate-document re-

upon a special verdict or a general verdict accompanied by answers to interrogatories, the court shall promptly approve the form of the judgment, and the clerk shall thereupon enter it. Every judgment shall be set forth on a separate document. A judgment is effective only when so set forth and when entered as provided in Rule 79(a). Entry of the judgment shall not be delayed for the taxing of costs. Attorneys shall not submit forms of judgment except upon direction of the court, and these directions shall not be given as a matter of course.

**3.** Fed.R.App.P. 4(a)(6) summarizes these requirements: "A judgment or order is entered within the meaning of this Rule 4(a) when it is entered in compliance with Rules 58 and 79(a) of the Federal Rules of Civil Procedure."

**4.** If the December 21, 1984 order is viewed as the relevant document, there is no question as to whether the clerk properly entered the order.

**5.** Fed.R.Civ.P. 58(1) provides:

[U]pon a general verdict of a jury, or upon a decision by the court that a party shall recover only a sum certain or costs or that all relief shall be denied, the clerk, unless the court otherwise orders, shall forthwith prepare, sign, and enter the judgment without awaiting any direction by the court.

For a further explanation of this procedure, *see* 6A Moore's *Federal Practice* ¶ 58.04[4.–2] at 58–46 (1984) (describing procedure).

**6.** Professor Moore suggests that the District Court, rather than the clerk himself, should settle the form of the judgment, and that the clerk should simply enter the judgment. *See* 6A Moore's *Federal Practice* ¶ 58.04[4.–2] at 58–46, 58–47 (describing procedure).

quirement did in fact apply and was not satisfied by the original verdict and docket entry. *Id.* at 221, 93 S.Ct. at 1564. The Court emphasized that the purpose of the separate-document requirement was "to remove uncertainties as to when a judgment is entered...." *Id.* at 219, 93 S.Ct. at 1563. For purposes of maintaining certainty as to when the time for appeal begins to run, the Court announced, the Rule "must be mechanically applied." *Id.* at 222, 93 S.Ct. at 1565.[7]

■ In the case before us, appellees do not contend that a separate document within the meaning of Rule 58 was ever set forth in this case. Indeed, they state flatly that "there still has been no separate judgment filed [by the District Court]." Reply to Appellants' Response to Show Cause Order at 3, *Diamond v. McKenzie*, No. 85–5205 (D.C. Mar. 21, 1985). Rather, they argue that the December 21, 1984 order was final in its effect, that the District Court intended it to be final, and that this intent is evidenced by the District Court's statement that "this Order shall constitute the final order of the Court." *See id.* (quoting District Court order). Appellees'

approach, however, directly contravenes the requirement that Rule 58 be mechanically applied.

■ Even if appellees did not concede that no separate document was entered in this case, we would be convinced by the unique course of the District Court proceedings and the contents of the order and subsequent memorandum opinion that Rule 58 has not been satisfied. At the outset, we conclude that the mere fact that the December 21, 1984 order stated that it constituted "the final order of the Court" does not resolve the Rule 58 problem.[8] The question whether an order is a final order is separate from the question whether a separate document setting forth the judgment has been properly entered. We further observe at the outset that, although not critical to our determination, the form of the December 21, 1984 order does not conform to the model forms provided in the Federal Rules.[9] Most critically, the District Court's order did more than render judgment; to the contrary, it set forth a decision in the sense of providing the basis, albeit briefly, of the court's reasoning,

---

**7.** This court has not had occasion to address the procedure contemplated by Fed.R.Civ.P. 58. Other courts of appeals, however, have squarely held that every judgment from which an appeal is taken must be set forth in a separate document, and that an appeal is not untimely when no such document is filed. *See, e.g., Townsend v. Lucas,* 745 F.2d 933, 934 (5th Cir.1984); *Gregson & Assocs. Architects v. Gov't of the Virgin Islands,* 675 F.2d 589, 593 (3d Cir.1982); *Caperton v. Beatrice Pocahontas Coal Co.,* 585 F.2d 683, 689 (4th Cir.1978). We agree with these holdings, as they are entirely in keeping with the Supreme Court's *Indrelunas* decision.

**8.** *See Furr's Cafeteria, Inc. v. NLRB,* 566 F.2d 505, 506 (5th Cir.1978). Otherwise, it seems to us that Rule 58 could become meaningless if its requirements were so easily evaded.

**9.** The order in this case differs from that contemplated by Forms 31 and 32 in the Appendix of Forms to the Federal Rules of Civil Procedure in at least two significant respects. First, the December 21, 1984 order is entitled "order" rather than "judgment," as contemplated by Forms 31 and 32. Second, the December 21, 1984 order contains citation of authority and at least preliminary explanations of the court's rea-

soning, whereas Forms 31 and 32 embody only the judgment to be entered. The significance of these two facts is apparent. By labeling a separate document as a "judgment," the District Court may clearly signify its intent to finally dispose of a case. Similarly, by eliminating any reference to the court's rationale or authority, the court avoids any possibility of creating a combined memorandum opinion and order. *See* Notes of Advisory Committee on Rules, 1963 Amendment, following Fed.R.Civ.P. 58 ("The amended rule eliminates these uncertainties by requiring that there be a judgment set out on a separate document—distinct from any opinion or memorandum—which provides the basis for the entry of judgment.").

While we do not intend to suggest that the model form of judgment is the only means of complying with Rule 58, adherence to the format set forth in the Appendix of Forms would be of considerable assistance in eliminating uncertainty as to the nature of the District Court's action. *See* 6A Moore's, *Federal Practice* ¶ 58.-04[4.—2] at 58–47 (1984) ("[I]t is advisable to follow Form 32 'Judgment on Decision by the Court' to the extent feasible.").

along with citations to legal authorities.[10] What is more, the subsequently issued Memorandum Opinion strongly suggests that the earlier order was not intended to start the time for appeal running, for, by its own terms, that decision states that "[t]his Memorandum Opinion constitutes the Court's ruling on the motion to dismiss...." *Diamond v. McKenzie*, 602 F.Supp. 632, 633 n. 2 (D.D.C.1985). This action further suggests that the December 21, 1984 "order" was in fact a "decision" of the court, as opposed to a judgment within the meaning of Rule 58. *See Communications Workers of America v. United Telephone Co. of Ohio*, 491 F.2d 207, 208 (6th Cir.1974) (distinguishing "decisions" from "judgments").

Even though the District Court may well have intended the December 21, 1984 order to be the final order in the case, the question is not beyond dispute, in light of the considerations we have just reviewed. It is precisely this kind of uncertainty about whether the District Court intended to enter a final order that warrants the mechanical application of Rule 58.[11] By mechanically applying this rule, as the Supreme Court has taught us to do, a court may avoid speculation as to whether an appellant should or should not have known that the time for appeal had begun to run. *See C.I.T. Financial Service v. Yeomans*, 710

F.2d 416, 417 n. 5 (7th Cir.1983) (indicating that Rule 58 is intended to give notice to losing party); *Gregson & Associates Architects v. Government of the Virgin Islands*, 675 F.2d 589, 592–93 (3d Cir.1982) (holding that, even where appellant had actual notice that order was final, Rule 58 must be mechanically applied).

### III

If taken literally, Rule 58 would require that this appeal be dismissed because no separate document was filed, and thus no final order existed from which an appeal could be taken. Indeed, appellees maintain that the logical consequence of no separate document having been entered is that the instant appeal is "premature." But this reasoning is incomplete, in light of the Supreme Court's teaching in this area. In *Bankers Trust Co. v. Mallis*, 435 U.S. 381, 98 S.Ct. 1117, 55 L.Ed.2d 357 (1978) (*per curiam*), the Supreme Court considered whether failure of the District Court to set forth a judgment in a separate document automatically deprived an appellate court of jurisdiction. The Court held that appellate jurisdiction existed, despite the District Court's failure to comply with the Rule. *Id.* at 383, 98 S.Ct. at 1119. Observing that the "sole purpose" of Rule 58 was to clarify when the time for an appeal begins to run, *id.* at 384, 98 S.Ct. at 1119, the Court

---

**10.** Rule 58 was designed to remove the uncertainty caused when district courts combined opinions with apparently dispositive words. *See* Notes of Advisory Committee on Rules, 1963 Amendment, following Fed.R.Civ. 58. Certainly, in some instances, an order may be identified as a judgment even though it contains citation to legal authority. *See, e.g., Weinberger v. United States*, 559 F.2d 401, 402 (5th Cir.1977) (holding that a single citation in an order of dismissal did not violate Rule 58, but noting that "a very little more would have rendered the order vulnerable to appellant's attack."); *Hamilton v. Nakai*, 453 F.2d 152, 155 (9th Cir.), *cert. denied*, 406 U.S. 945, 92 S.Ct. 2044, 32 L.Ed.2d 332 (1972) (holding that one-sentence explanation in order did not violate Rule 58). Yet, at some point, the inclusion of legal reasoning and authority makes an order into a combined decision and order. The district court's citation of authority, along with its express statement that the court "finds as a fact and concludes as a

matter of law that Daniel requires a residential placement, and further that Vanguard School in Lake Wales, Florida constitutes an appropriate program and placement," *Diamond v. McKenzie*, No. 84–0241 (D.D.C. Dec. 21, 1984) (order) passed that point.

**11.** If appellees wanted to ensure that the District Court had effectively expressed its intent to enter a final order and to trigger the time for appeal, they were by no means remediless; to the contrary, they could have moved for entry of a separate document setting forth the judgment. *See, e.g., Hanson v. Town of Flower Mound*, 679 F.2d 497, 502 (5th Cir.1982) (suggesting that better practice is for parties to request entry of separate document); *Caperton v. Beatrice Pocahontas Coal Co.*, 585 F.2d 683, 689 (4th Cir.1978) (noting that appellee can avoid questions as to compliance with separate-document requirement by requesting entry of document).

concluded that certainty as to timeliness "is not advanced by holding that appellate jurisdiction does not exist absent a separate judgment." *Id.* at 385, 98 S.Ct. at 1120. The Court held, quoting Professor Moore's treatise, that the rule "should be interpreted to prevent the loss of the right of appeal, not to facilitate loss." *Id.* at 386, 98 S.Ct. at 1120 (citation omitted). On the facts of the case presented there, the Court found that the parties should be deemed to have waived the separate-document requirement of Rule 58 and that jurisdiction appropriately lay. *Id.* at 388, 98 S.Ct. at 1121. Among the factors present, the Court observed, were the following: (1) the District Court clearly evidenced its intent that the opinion and order from which an appeal was taken would represent the final decision in the case; (2) a judgment of dismissal was recorded in the clerk's docket; and (3) the appellee did not object to the taking of the appeal in the absence of a separate document embodying the judgment. *Id.* at 387–88, 98 S.Ct. at 1121–22.

Applying these factors to the instant case, we are persuaded that dismissal of this appeal would not be appropriate. First, the December 21, 1984 order, when taken together with the January 13, 1985 memorandum opinion, clearly evidences the District Court's intention to render a final decision. These two documents fully embody the court's disposition of the case. Measured from the date of the memorandum opinion, moreover, this appeal is timely. This view comports with the *Mallis* instruction that Rule 58 should be interpreted to prevent the loss of the right of appeal.[12] Second, the judgment in this case was entered in the clerk's civil docket. The notation on the December 21, 1984 order

recites the substance of the disposition in the case. Third, appellees effectively do not object to the taking of an appeal in the absence of a separate document embodying the judgment; it was this court, not the appellees, which raised the issue in the first instance. More importantly, the substance of appellees' position on this show cause order is that the appeal is untimely, without more. *See, e.g., Scola v. Boat Frances, R., Inc.,* 618 F.2d 147, 151 (1st Cir. 1980) (where appellee objected to appeal as untimely but not as premature, court takes jurisdiction over appeal despite lack of separate document); *Caperton v. Beatrice Pocahontas Coal Co.,* 585 F.2d 683, 691 (4th Cir.1978) (same). In addition, appellees make no assertion that the lack of a separate document has in any way prejudiced them.

For the foregoing reasons, it is OR-DERED by the court that the order to show cause why the appeal should not be dismissed for lack of jurisdiction is discharged.

*It is so ordered.*

SPOTTSWOOD W. ROBINSON, III, Chief Judge, concurring:

I agree with my colleagues that Rule 58's separate-document requirement bears vitally on the timeliness of post-judgment motions and appeals.[1] I also agree that noncompliance with that requirement can be waived, and thus that appellate jurisdiction is not necessarily emasculated.[2] Each of these propositions has been fully confirmed by the Supreme Court,[3] and their pertinence to the case at bar is obvious. So, if appellants' notice of appeal was time-

---

**12.** *Compare Townsend v. Lucas,* 745 F.2d 933, 934 (5th Cir.1984) (holding that, where appeal would be untimely even if separate document were entered, appeal should be dismissed for lack of separate document, so that entry of separate document may permit new appeal) *with United States v. Dean,* 519 F.2d 624–26 (6th Cir.1975) (holding that, where appeal is timely if measured from date of entry of separate document, appeal should not be dismissed despite lack of separate document when appeal was initially filed).

**1.** See Majority Opinion (Maj. Op.) pt. II; Part I *infra.*

**2.** See Maj. Op. pt. III; note 56 *infra.*

**3.** See *United States v. Indrelunas,* 411 U.S. 216, 220–22, 93 S.Ct. 1562, 1564–65, 36 L.Ed.2d 202, 206–07 (1973); *Bankers Trust Co. v. Mallis,* 435 U.S. 381, 384–88, 98 S.Ct. 1117, 1120–22, 55 L.Ed.2d 357, 361–63 (1978).

ly, I would agree that appellees effectively waived their opportunity to seek dismissal of this appeal as premature.[4]

My preoccupation has been, rather, with the applicability of the separate-document provision to the District Court's December 1984 order. But for two sentences illuminating the case's procedural posture and three sentences summarizing generally the court's ultimate conclusions,[5] the order would pose no Rule 58 problem at all. I thus wondered, in the beginning, whether those five recitals in a three-page instrument otherwise indisputably dispositional in nature were enough to preclude its acceptance as a separate document. Moreover, since the court stated therein that "this Order shall constitute the final order of the Court,"[6] and explained that it would "file a Memorandum Opinion setting forth the reasons for its decision,"[7] its effort to pass an appealable order is evident. For me at least, the order was not immediately classifiable either with those that clearly are intercepted by the separate-document rule[8] or with those that clearly are not.[9]

The decided cases have not staked out a bright line dividing these two categories. Only by delving into the historical context and purpose of the separate-document stipulation have I gleaned enough insight to undertake a try in that direction.[10] Having

done so, I am prepared to join my colleagues in holding that the order in question did not comply with that rule, and accordingly that appellants' notice of appeal was timely.[11]

I

Prior to the advent of Rule 58's separate-document requirement, courts frequently were confronted by "the old, old question of when is a judgment a judgment."[12] In those days, no particular form of words or form of writing was deemed necessary to rendition of a judgment.[13] It is not surprising, then, that problems arose, especially when a judge's opinion or memorandum included language seemingly dispositional, and thus was readable as an authorization to the clerk to enter a judgment on the civil docket.[14] The difficulty intensified when the opinion or memorandum arguably lacked an essential ingredient of a judgment, or when the judge later signed what appeared to be a formal judgment.[15]

The result was considerable uncertainty as to just what pronouncements amounted to a judgment,[16] and correspondingly as to just what would activate post-judgment time periods,[17] particularly those for motions[18] and appeals.[19] The problem was alleviated somewhat in 1958 when the Su-

---

4. See Maj. Op. pt. III; note 56 *infra*.

5. See *Diamond v. McKenzie*, Civ. No. 84–0241 (D.D.C. Dec. 21, 1984) (order), Record Document (R. Doc.) 24.

6. *Id.* at 3.

7. *Id.* at 2.

8. Typically, orders which are tacked onto an opinion, memorandum, findings of fact or conclusions of law. See note 40 *infra* and accompanying text.

9. For example, orders which adhere scrupulously to the official civil-judgment forms. See Part II *infra*.

10. See Parts I, II *infra*.

11. See Part III *infra*.

12. *Cedar Creek Oil & Gas Co. v. Fidelity Gas Co.*, 238 F.2d 298 (9th Cir.1956).

13. See *United States v. Hark*, 320 U.S. 531, 534, 64 S.Ct. 359, 361, 88 L.Ed. 290, 294–95 (1944). See also *United States v. F. & M. Schaefer Brewing Co.*, 356 U.S. 227, 232, 78 S.Ct. 674, 677–78, 2 L.Ed.2d 721, 726 (1958).

14. See Fed.R.Civ.P. 58 advisory committee note to 1963 amendment.

15. *Id.*

16. *Id.; United States v. Indrelunas, supra* note 3, 411 U.S. at 220, 93 S.Ct. at 1564, 36 L.Ed.2d at 206 (1973).

17. See Fed.R.Civ.P. 58 advisory committee note to 1963 amendment; *United States v. F. & M. Schaefer Brewing Co., supra* note 13, 356 U.S. at 232, 78 S.Ct. at 677–78, 2 L.Ed.2d at 726.

18. See Fed.R.Civ.P. 59(b), (d), (e).

19. See Fed.R.App.P. 4(a).

preme Court declared that an opinion constituted a judgment when it "embodies the essential elements of a judgment for money and clearly evidences the judge's intention that it shall be his final act in the case."[20] Uncertainty continued to reign, however, for the judge's intention was itself a highly subjective criterion.[21]

It was in 1963 that Rule 58 was amended in an effort to remove all doubt.[22] Rejecting the judge's intention as the test, the rulemakers opted for a wholly pragmatic standard. "Every judgment," the amendment states, "shall be set forth on a separate document," and will become "effective only when so set forth and when entered as provided in Rule 79(a)."[23] The Advisory Committee explained that "[t]he amended rule eliminates ... uncertainties by requiring that there be a judgment set out on a separate document—distinct from any opinion or memorandum—which provides the basis for the entry of judgment."[24] This, the Supreme Court has acknowledged, was the wholesome purpose of the 1963 amendment,[25] and the Court has described its true character. The separate-document provision, the Court has said, is "a 'mechanical change' that must be mechanically applied in order to avoid new uncertainties as to the date on which a judgment is entered;"[26] "[t]echnical application of the separate-judgment requirement," the Court has emphasized, "is necessary in that context to avoid the uncertainties that once plagued the determination of when an appeal must be brought."[27] In sum, the judge's intention as the criterion has thus been completely displaced by a "mechanical" test, to be given "mechanical," "technical" operation.

## II

While Rule 58 is explicit in its demand that a judgment be set forth "on a separate document," neither that rule nor any other undertakes to prescribe the precise form the document should take, nor is the case-law very helpful on that score. An historical concomitant of the separate-document, however, affords meaningful guidance in this connection.

Simultaneously with the 1963 amendment of Rule 58 to incorporate that requirement, two specimens of a judgment were added to the appendix of official civil forms.[28] One is a model of a judgment on a jury verdict,[29] and the other is a sample of a judgment on a decision by the court.[30] The 1963 Advisory Committee expressly referred readers of Rule 58 to these forms,[31] and declared that they are "illustrative of the judgment to be entered."[32] I find com-

**20.** *United States v. F. & M. Schaefer Brewing Co.,* *supra* note 13, 356 U.S. at 232, 78 S.Ct. at 678, 2 L.Ed.2d at 726.

**21.** Kaplan, *Amendments of the Federal Rules of Civil Procedure, 1961–1963(II),* 77 Harv.L.Rev. 801, 831 (1964).

**22.** An Advisory Committee proposal in 1955, which was not adopted, would have amended Rule 58 to provide that an opinion containing a specific direction for the entry of judgment sufficed as a judgment. Kaplan, *supra* note 21, at 830.

**23.** Fed.R.Civ.P. 79(a) instructs the clerk on entries to be made in the civil docket.

**24.** Fed.R.Civ.P. 58 advisory committee note on 1963 amendment.

**25.** *United States v. Indrelunas, supra* note 3, 411 U.S. at 219–20, 93 S.Ct. at 1564, 36 L.Ed.2d at 206; *Bankers Trust Co. v. Mallis, supra* note 3,

435 U.S. at 384–85, 98 S.Ct. at 1120, 55 L.Ed.2d at 361–62.

**26.** *United States v. Indrelunas, supra* note 3, 411 U.S. at 221–22, 93 S.Ct. at 1565, 36 L.Ed.2d at 207, quoting 6A J. Moore, Federal Practice ¶ 58.04[4.–2], at 58–161 (1972).

**27.** *Bankers Trust Co. v. Mallis, supra* note 3, 435 U.S. at 386, 98 S.Ct. at 1120–1121, 55 L.Ed.2d at 362.

**28.** The amendment and the forms were each adopted on January 21, 1963, for effective operation commencing July 1, 1963.

**29.** Fed.R.Civ.P. app. Form 31.

**30.** *Id.*app. Form 32.

**31.** Fed.R.Civ.P. 58 advisory committee note to 1963 amendment.

**32.** Fed.R.Civ.P. app. Forms 31, 32 advisory committee n. 1.

pelling the inference that the 1963 amendment to Rule 58 calls for a document substantially similar to those exhibited in the new official forms.

Additionally, the 1963 Advisory Committee noted that "[t]he rules contemplate a simple judgment promptly entered."[33] Simplicity is indeed the hallmark of the official specimens. Each confines itself (a) to a recital that the issues have been tried and resolved—in the one instance by a jury, and in the other by the judge—and (b) a direction for action in conformity to the jury's verdict or the judge's decision. Unlike the District Court's December 1984 order, neither form alludes to any case history, factfinding or any legal reasoning; rather, each specimen is as free of extrinsic matter as can be. These forms, we are told, are intended not only to assure compliance with the rules, but also to "indicate the simplicity and brevity of statement which the rules contemplate."[34]

These considerations lead me to conclude that involvement with Rule 58's separate-document rule can be avoided only by adhering closely to the official judgment forms. But while complete fidelity to those forms is the safest course,[35] it seems clear that trivial departures must be tolerated in the name of common sense. Thus, it has been held that an order does not lose its character as a separate document simply because it includes a one-sentence explanation of what the order is all about,[36] or a recital that a magistrate's report and recommendation are being adopted.[37] The same result has been reached with respect to an order merely adding a citation to a reported case;[38] Rule 58, the court said, is to be applied "[m]echanically" but not "mindlessly."[39] On the other hand, orders combining the court's directives with its statement of factual findings or legal conclusions plainly cannot pass muster as separate documents.[40]

Where, then, is the line of demarcation? I believe it is to be drawn at the point of substantial conformity to the official forms. These forms, adopted contemporaneously with and cross-referenced to the prescription of a separate-document, designedly are beacons to the type of judgment required. Equally importantly, the very purpose of the separate-document rule was elimination of uncertainty as to when the time periods for post-judgment motions and appeals begin to run.[41] Since uncertainty of that sort is bound to increase as the departure from the forms becomes more serious, substantial conformity would seem to be the only acceptable outer limit.

**33.** *Id.* app. Form 31 advisory committee n. 3. See also *United States v. Wissahickon Tool Works,* 200 F.2d 936, 938 (2d Cir.1952) (there should be "a simple form of judgment ... eschewing the lengthy recitals familiar in state practice"). The rules expressly provide that "[a] judgment shall not contain a recital of pleadings, the report of a master, or the record of prior proceedings." Fed.R.Civ.P. 54(a).

**34.** Fed.R.Civ.P. 84.

**35.** See Fed.R.Civ.P. 84 advisory committee note to 1946 amendment.

**36.** *Hamilton v. Nakai,* 453 F.2d 152, 154–55 (9th Cir.1971), *cert. denied,* 406 U.S. 945, 92 S.Ct. 2044, 32 L.Ed.2d 332 (1972). The court said that to allow this sentence to transform the order into an opinion or memorandum "would be the proverbial elevation of form over substance." *Id.*

**37.** *United States v. Perez,* 736 F.2d 236, 237–38 (5th Cir.1984).

**38.** *Weinberger v. United States,* 559 F.2d 401, 402 (5th Cir.1977).

**39.** *Id.* at 402. The court added, however, that "[i]t would be better had the citation been omitted, and doubtless a very little more would have rendered the order vulnerable to ... attack." *Id.*

**40.** *E.g., Bankers Trust Co. v. Mallis, supra* note 3, 435 U.S. at 382 n. 1, 98 S.Ct. at 1119 n. 1, 55 L.Ed.2d at 360 n. 1; *Caperton v. Beatrice Pocahontas Coal Co.,* 585 F.2d 683, 689 (4th Cir. 1978); *Taylor v. Sterrett,* 527 F.2d 856, 857–858 (5th Cir.1976); *Cloyd v. Richardson,* 510 F.2d 485, 486 (6th Cir.1975); *Baker v. Southern Pac. Transp.,* 542 F.2d 1123, 1127–28 (9th Cir. 1976).

**41.** See notes 24–27 *supra* and accompanying text.

### III

So measured, there is no separate-document order in the case at bar. In the first of its two written pronouncements, labeled an "order," the District Court referred to the procedural context,[42] summarized the court's major legal conclusions [43] and set forth its several directives.[44] While the court declared that the document would constitute its final order,[45] and stated that it would later file a memorandum opinion articulating its reasons,[46] the order is too far a cry from the "simple judgment" envisioned by the rules [47] and illustrated by the official form usable in nonjury cases.[48] Indeed, to countenance the order as a separate document within the contemplation of Rule 58 is to open wide the door for a return to the state of uncertainty and confusion that the 1963 amendment was designed to eliminate.[49] And the court's second writing, styled a "memorandum opinion" and elaborating on the court's logic,[50] does not even purport to be an order. Not only did the court note that "[a]n appropriate order consistent with this Memorandum Opinion *has issued*," [51] but the document itself lacks both the appearance and the essential elements of a judgment.[52]

It is clear enough to me that what the District Court had in mind was a final judgment with its opinion to follow, but, to repeat, its intention is no longer the standard.[53] No matter how manifest a purpose to formulate an appealable order may be, it cannot override Rule 58's explicit exaction of a separate document.[54] For nonfulfillment of that demand, the period for appealing was never set into motion,[55] and appellants' notice of appeal must be honored.[56]

---

42. *Diamond v. McKenzie, supra* note 5, at 232.

43. *Id.* at 232.

44. *Id.* at 2–3.

45. *Id.* at 3.

46. *Id.* at 2.

47. See text *supra* at note 33.

48. Compare Fed.R.Civ.P. app. Form 32.

49. See Part I *supra.*

50. See *Diamond v. McKenzie*, 602 F.Supp. 632 (D.D.C.1985) (memorandum opinion), R.Doc. 30.

51. *Id.* at 640 (emphasis supplied).

52. " 'Judgment' as used in these rules includes a decree and any order from which an appeal lies...." Fed.R.Civ.P. 54(a).

53. See text *supra* at notes 20–23.

54. *Caperton v. Beatrice Pocahontas Coal Co., supra* note 40, 585 F.2d at 689. See also *Furr's Cafeterias, Inc. v. NLRB*, 566 F.2d 505, 506–07 (5th Cir.1978) (multi-page document containing findings of fact, conclusions of law and injunction, and stating that it was a "final order and judgment").

55. E.g., *Bankers Trust Co. v. Mallis, supra* note 3, 435 U.S. at 385, 98 S.Ct. at 1120, 55 L.Ed.2d at 361–362; *United States v. Indrelunas, supra* note 3, 411 U.S. at 220–221, 93 S.Ct. at 1564–65, 36 L.Ed.2d at 206–07.

56. The appeal is not vulnerable as premature. Under the circumstances—detailed in the majority opinion, Maj. Op. pt. III—appellees clearly waived their opportunity to move for dismissal on that ground. The case thus falls squarely within the holding in *Bankers Trust Co. v. Mallis, supra* note 3, 435 U.S. at 386, 387–88, 98 S.Ct. at 1121–22, 55 L.Ed.2d at 362, 363.