831 F.2d 292
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Theodore Jerry WILLIAMS, Plaintiff-Appellant,
v.
Lt. CARVER, C.W. Walker, Officer Hooks, J.O. Watson,
Defendants-Appellees.
 No. 87-7220.
 United States Court of Appeals, Fourth Circuit.
 Submitted: Aug. 13, 1987.
Decided: Sept. 28, 1987.
 
 Before SPROUSE and WILKINSON, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 Theodore Jerry Williams, appellant pro se.
 David Earl Broome, Jr., Assistant Attorney General, for Appellees.
 PER CURIAM:
 
 
 1
 Theodore Williams, a North Carolina inmate, brought a civil rights action in the district court pursuant to 42 U.S.C. Sec. 1983. On March 17, 1986, the district court entered summary judgment for the defendants. On March 24, 1987, Williams filed a motion for relief from the judgment and a request for a jury trial. The district court entered an order on May 6, 1987, denying the motion and request. Williams, seeking an appeal from the order, mailed a notice of appeal to the district court which was filed on June 18, 1987. Williams claims that he mailed the notice on May 27, 1987.
 
 
 2
 Federal Rule of Appellate Procedure 4(a)(1) requires that a notice of appeal be filed within thirty days after the entry of the judgment or order appealed from. This requirement is "mandatory and jurisdictional." Browder v. Director, Department of Corrections, 434 U.S. 257, 264 (1978) (quoting United States v. Robinson, 361 U.S. 220, 229 (1960)). Williams failed to file a notice of appeal within the thirty-day period. No motion for an extension of time to file was made, nor can Williams' notice of appeal be construed as a motion for an extension to file due to excusable neglect as provided by Fed.R.App.P. 4(a)(5). Shah v. Hutto, 722 F.2d 1167 (4th Cir.1983) (en banc), cert. denied, 466 U.S. 975 (1984). Further, the fact that Williams may have mailed the notice of appeal within the thirty-day time period does not render the notice timely filed. Ward v. Atlantic Coal Line R.R., 265 F.2d 85, 80-81 (5th Cir.1959), rev'd on other grounds, 362 U.S. 396 (1960); Kahler-Ellis Co. v. Ohio Turnpike Comm'n, 225 F.2d 922 (6th Cir.1955).
 
 
 3
 Federal Rule of Civil Procedure 58 requires that "[e]very judgment shall be set forth on a separate document." The separate document requirement "was designed to alleviate the problems that arise when a district court opinion includes seemingly dispositive language, which may or may not constitute an entry of judgment that triggers the thirty-day period for filing an appeal." Hughes v. Halifax County School Bd., --- F.2d ---, No. 86-2653 (4th Cir. July 22, 1987). In determining whether a particular document satisfies the requirements of Rule 58, the form and content of the document are dispositive. Id. Utilizing the factors applied in Hughes, we conclude that the order entered in this case complied with the separate document requirement of Rule 58. The document was labeled merely "order". The order was brief, running a little over a page in length. Further, although the order contained a short explanation with one case citation, such inclusions do not render the document violative of Rule 58. Id.; Weinberger v. United States, 559 F.2d 401 (5th Cir.1977).
 
 
 4
 Accordingly, we dismiss the appeal as untimely filed. Because the dispositive issues have recently been decided authoritatively, we dispense with oral argument.