848 F.2d 190
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
John ESPY, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 88-3015.
 United States Court of Appeals, Sixth Circuit.
 May 25, 1988.
 
 Before ENGEL, Chief Judge, DAVID A. NELSON and RYAN, Circuit Judges.
 
 ORDER
 
 1
 This matter is before the court upon consideration of the appellant's response to this court's order directing him to show cause why his appeal should not be dismissed for lack of jurisdiction. He states that he was not aware of the district court's July 27, 1987, decision until November 30, 1987.
 
 
 2
 It appears from the record that the final order was entered July 27, 1987. The notice of appeal filed on December 21, 1987, was 87 days late. Fed.R.App.P. 4(a) and 26(a).
 
 
 3
 The failure of an appellant to timely file a notice of appeal deprives an appellate court of jurisdiction. Compliance with Fed.R.App.P. 4(a) is a mandatory and jurisdictional prerequisite which this court can neither waive nor extend. McMillan v. Barksdale, 823 F.2d 981 (6th Cir.1987); Myers v. Ace Hardware, Inc., 777 F.2d 1099, 1102 (6th Cir.1985); Denley v. Shearson/American Express, Inc., 733 F.2d 39 (6th Cir.1984) (per curiam); Peake v. First Nat'l Bank & Trust Co., 717 F.2d 1016 (6th Cir.1983). Fed.R.App.P. 26(b) specifically provides that this court cannot enlarge the time for filing a notice of appeal. The time for filing a notice of appeal runs from the date of entry of the judgment, not its receipt. Diamond v. McKenzie, 770 F.2d 225 (D.C.Cir.1985) (per curiam); Pryor v. Marshall, 711 F.2d 63 (6th Cir.1983).
 
 
 4
 Accordingly, it is ORDERED that the appeal be and hereby is dismissed for lack of jurisdiction. Rule 9(b)(1), Rules of the Sixth Circuit.