**4**

ARCADIA VALLEY HOSPITAL, St. Clare Hospital of Barbaboo, St. Francis Hospital of Blue Island, St. Francis Hospital of Marceline, St. Joseph Health Center, St. Mary's Health Center, St. Mary's Hospital, St. Mary's Medical Center, St. Mary's on the Mount Rehabilitation Center, Plaintiffs,

v.

Otis BOWEN, Defendant.

No. 85–1662C(C).

United States District Court, E.D. Missouri, E.D.

Feb. 7, 1986.

John Swoboda, St. Louis, Mo., Margaret Manning, Baltimore, Md., for plaintiffs.

Joseph B. Moore, Asst. U.S. Atty., St. Louis, Mo., for defendant.

## MEMORANDUM

MEREDITH, District Judge.

This matter is before the Court upon plaintiffs' motion for summary judgment. This Court has jurisdiction pursuant to 28 U.S.C. § 1331 and 42 U.S.C. § 1395oo (f). For the reasons set forth below, plaintiffs' motion for summary judgment will be granted.

The relevant facts are as follows. The plaintiffs are health care providers that challenge the validity of a regulation promulgated by the defendant, Secretary of Health and Human Services. This regulation is commonly referred to as the Malpractice Rule, 42 C.F.R. § 405.452(a)(1)(ii) (1984); see also 42 C.F.R. § 405.452(b)(1)(ii) (1979).

The Malpractice Rule provides a formula for calculating how Medicare health care providers are reimbursed for the part of malpractice insurance premiums that is attributable to Medicare patients. Menorah Medical Center v. Heckler, 768 F.2d 292, 293 (8th Cir.1985). In Menorah, the Eighth Circuit Court of Appeals held that the Malpractice Rule was invalid. Id. at 295.

Until the Malpractice Rule is replaced by a valid regulation, health care providers must be reimbursed according to prior regulations. Id. at 297. A new, valid regulation has not been promulgated; therefore, the plaintiffs must be reimbursed pursuant to the prior regulations as specified in Menorah. Id.

Consequently, the plaintiffs' motion for summary judgment will be granted.