641 F.Supp. 190 (1986)
ARCADIA VALLEY HOSPITAL, et al., Plaintiffs,
v.
Otis R. BOWEN, M.D., Secretary of Health and Human Services, Defendant.
No. 85-1662C(C).
United States District Court, E.D. Missouri, E.D.
June 16, 1986.
*191 John Swoboda, St. Louis, Mo., Margaret Manning, Baltimore, Md., for plaintiffs.
Joseph B. Moore, Asst. U.S. Atty., St. Louis, Mo., for defendant.

MEMORANDUM
MEREDITH, District Judge.
This matter is before the Court upon several motions by plaintiffs and defendant. Defendant has moved for partial relief from this Court's February 5, 1986 order pursuant to Rule 60(b) of the Federal Rules of Civil Procedure, and plaintiffs have moved that the Court remand the claims of St. Francis Hospital and St. Mary's Health Center to the Provider Review Reimbursement Board for further consideration. Defendant has also moved for an extension of time to file an appeal; or alternatively, for entry of a final judgment.
The relevant facts are as follows. Plaintiffs are Medicare health care providers that seek reimbursement for that part of malpractice insurance premiums that are attributable to Medicare patients. In an order dated February 5, 1986, 632 F.Supp. 4, this Court granted plaintiffs' motion for summary judgment, holding that the Malpractice Rule was invalidated by Menorah Medical Center v. Heckler, 768 F.2d 292, 293 (8th Cir.1985). Consequently, plaintiffs were ordered to be reimbursed pursuant to the regulations in effect prior to the enactment of the Malpractice Rule.
Defendant's motion for partial relief from the Court's February 5, 1986 order concerns plaintiffs St. Francis Hospital (St. Francis) and St. Mary's Health Center (St. Mary's). Defendant, Secretary of Health and Human Services (Secretary), claims that this Court did not have proper subject matter jurisdiction over the two plaintiffs; consequently, the Court's February 5, 1986 order does not apply to St. Francis and St. Mary's.

I.
Under the Medicare Act (which is Title XVIII of the Social Security Act), 42 U.S.C. § 1395 et seq. (1982), health care institutions known as "providers" receive reimbursement for the "reasonable costs" of services provided to qualified Medicare beneficiaries. 42 U.S.C. §§ 1395x(u), 1395x(v)(1)(A), 1395f(b), 1395cc (1982). A provider may choose to receive reimbursement through a public agency or, as is most often the case, through a private agency which acts as a fiscal intermediary for the Secretary. 42 U.S.C. § 1395h (1982).
At the end of its fiscal year, the provider submits a cost report to the intermediary; the intermediary issues a notice of program reimbursement (NPR) which sets forth the reimbursement award and its basis. 42 C.F.R. § 405.1803 (1985). After a final determination by the fiscal intermediary, a provider may seek further review before the Provider Review Reimbursement Board (PRRB or Board). 42 U.S.C. § 1395oo (1982). However, a provider's right to seek further review is strictly limited. The provider must satisfy four threshold requirements: 1) The provider must file a timely cost report with the fiscal intermediary; 2) The provider must be dissatisfied with the fiscal intermediary's final determination; 3) The amount in controversy must be $10,000 or more; and 4) The appeal to the Board must be filed within 180 days of notice of the intermediary's final determination. 42 U.S.C. § 1395oo(a) (1982). The PRRB may take jurisdiction over appeals which are filed late "for good cause shown." 42 C.F.R. § 1841(b) (1985). After a final determination by the PRRB, the Secretary may reverse, affirm, or modify the decision. 42 U.S.C. § 1395oo(f)(1) (1982). If a provider is dissatisfied with a decision of the PRRB or the Secretary, it may file suit in federal district court. Id.
*192 In the present case, St. Francis and St. Mary's filed their appeals to the Board more than 180 days after the notice of the intermediary's final determination. Neither plaintiff contests that fact. Both plaintiffs requested "for good cause shown" exceptions, but their requests were denied by the Board. St. Francis and St. Mary's contend: 1) The PRRB abused their discretion by denying the requests; 2) That the Board must state their reasons for denying the good cause exceptions; and 3) That the issues concerning St. Francis and St. Mary's should be remanded to the PRRB.
The parties cannot waive subject matter jurisdiction, and absence of such jurisdiction can be raised at any time. Laffey v. Northwest Airlines, Inc., 567 F.2d 429, 474 (D.C.Cir.1976), cert. denied, 434 U.S. 1086, 98 S.Ct. 1281, 55 L.Ed.2d 792 (1978), see also Kern v. Standard Oil Company, 228 F.2d 699, 701 (8th Cir.1956); Edwards v. Dept. of Army, 545 F.Supp. 328, 329 (E.D. Mo.1982), aff'd, 708 F.2d 1344 (8th Cir. 1983). When a court lacks subject matter jurisdiction, it must dismiss the action. Rule 12(h)(3) of the Federal Rules of Civil Procedure.
The Medicare Act, 42 U.S.C. § 405(g) (1982), to the exclusion of 28 U.S.C. § 1331 (1982), is the sole basis for judicial review of claims arising under the Medicare Act. 42 U.S.C. §§ 405(h) and 1395ii (1982); Heckler v. Ringer, 466 U.S. 602, 614-15, 104 S.Ct. 2013, 2021, 80 L.Ed.2d 622 (1984); Hopewell Nursing Home, Inc. v. Schweiker, 666 F.2d 34, 38 (4th Cir.1981).
This Court may only review final decisions of the Board or a reversal, affirmance, or modification by the Secretary. 42 U.S.C. § 1395oo(f)(1) (1982); St. Joseph's Hosp. of Kansas City v. Heckler, 786 F.2d 848, 850-51 (8th Cir.1986). The 180 day time period for filing claims with the PRRB under 42 U.S.C. § 1395oo(a) (1982) is a jurisdictional prerequisite to the Board's authority to review a claim. St. Joseph's Hosp. of Kansas City, 786 F.2d at 853. The PRRB has the exclusive authority to decide whether the 180 day time period should be extended for good cause shown. Levering Hospital, et al. v. Heckler, et al., No. 84-0742-C-(5) (E.D.Mo. March 15, 1985) (order granting motion to dismiss) (adopting the Report and Recommendation of Magistrate Noce), appeal docketed, No. 85-1619 (8th Cir. May 14, 1985). Without meeting the 180 day time period of the statute, the Board has no authority to address a provider's claim and cannot issue a judicially reviewable final decision. St. Joseph's Hosp. of Kansas City, 786 F.2d at 853; Levering Hospital, et al., (unpublished opinion) at 4; Cambridge Hosp. Ass'n, Inc. v. Bowen, 629 F.Supp. 612, 619-20 (D.Minn.1986). There are important policy reasons for strictly adhering to the time requirement in the statute and for limiting judicial review. See St. Joseph's Hosp. of Kansas City, 786 F.2d at 852; Cambridge Hosp. Ass'n, Inc., 629 F.Supp. at 617; Levering Hospital, et al., (unpublished opinion) at 6.
Because St. Francis and St. Mary's requested Board review beyond the 180 day time limit and their requests for extension were denied, no final decision was rendered by the PRRB and this Court has no subject matter jurisdiction over their claims.
Accordingly, defendant's motion for partial relief from this Court's February 5, 1986 order will be granted. That order does not apply to St. Francis or St. Mary's because the Court did not have subject matter jurisdiction over them.

II.
Defendant requests an excusable neglect or good cause extension to appeal pursuant to Rule 4(a)(5) of the Federal Rules of Appellate Procedure; or alternatively, contends that this Court's February 5, 1986 order which granted plaintiffs' motion for summary judgment was not an appealable final decision because the exact amount owed to each plaintiff was not determined. Both of defendant's contentions are without merit.
The excusable neglect standard for extension of time for appeal is intended to be strict. Chipser v. Kohlmeyer & Co., 600 *193 F.2d 1061, 1063 (5th Cir.1979); Selph v. Council of City of Los Angeles, 593 F.2d 881, 883 (9th Cir.1979). A district court's finding on the issue of excusable neglect should be given great deference by a reviewing court. Fase v. Seafarers Welf. & Pension Plan, 574 F.2d 72, 77 (2nd Cir. 1978); Pasquale v. Finch, 418 F.2d 627, 630 (5th Cir.1969); Kings Professional Basketball Club, Inc. v. Green, 597 F.Supp. 350, 357 (W.D.Mo.1984). A mistake made by an attorney or his staff does not, except in unusual or extraordinary circumstances, constitute excusable neglect. Airline Pilots v. Executive Airlines, Inc., et al., 569 F.2d 1174, 1175 (5th Cir.1978). The excusable neglect standard does not apply when a lawyer's excuse is that he is too busy. Selph, 593 F.2d at 884.
Defendant's excuse for filing a late appeal is that he marked the wrong date on his calendar and that he has a heavy caseload. Defendant's contentions do not meet the excusable neglect or good cause standard of Rule 4(a)(5) of the Federal Rules of Appellate Procedure and his motion for an extension of time to file an appeal will be denied.
An appealable final decision has been rendered when the computation of damages, although unstated, is mechanical and uncontroversial. Parks v. Pavkovic, 753 F.2d 1397 (7th Cir.1985), cert. denied, ___ U.S. ___, 106 S.Ct. 246, 88 L.Ed.2d 255 (1985); Capitol Records, Inc. v. Progress Record Distrib., 106 F.R.D. 25, 28 (N.D.Ill. 1985); see also Gulf Refining Co. v. U.S., 269 U.S. 125, 136, 46 S.Ct. 52, 53, 70 L.Ed. 195 (1925). This Court rendered an appealable final decision on February 5, 1986, setting forth all necessary information to calculate plaintiffs' reimbursement. Defendant filed an untimely appeal, and his contention that a final decision was not entered is unfounded.
Consequently, defendant's motion for partial relief from this Court's February 5, 1986 order will be granted. However, plaintiffs' motion to remand the claims of St. Francis and St. Mary's to the PRRB and defendant's motion for extension of time to appeal or for entry of final judgment will be denied.