**MIAMI GENERAL HOSPITAL, Florida Medical Center, Abbey Hospital, Jay Hospital, South Shore Hospital and Saint Vincent's Medical Center, Plaintiffs,**

v.

**Otis R. BOWEN, Defendant.**

**MIAMI GENERAL HOSPITAL, Plaintiff,**

v.

**Otis R. BOWEN, Defendant.**

**Nos. 85–3943, 85–3945.**

United States District Court,
S.D. Florida.

Sept. 16, 1986.

Patricia A. Seitz, Steel, Hector & Davis, Miami, Fla., Leonard C. Homer, Ober, Kaler, Grimes & Shriver, Baltimore, Md., for plaintiffs.

David M. DeMaio, Asst. U.S. Atty., Miami, Fla., for defendant.

## ORDER ON DEFENDANT'S MOTIONS TO DISMISS AND PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT

ARONOVITZ, District Judge.

The above-captioned, consolidated causes came before the Court upon the following motions of the parties:

1. Defendant's Motion to Dismiss on the Ground of Mootness in Case No. 85–3943

2. Defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction in Case No. 85–3945

3. Plaintiff's Motion for Partial Summary Judgment or, in the alternative, for Remand in Case No. 85–3945

The Court has considered the above motions, the supporting and opposing memoranda of law, and the pertinent portions of the record, and being otherwise fully advised in the premises, it is thereupon

ORDERED AND ADJUDGED as follows:

1. That the defendant's Motion to Dismiss the Complaint filed in Case No. 85–3943–CIV–ARONOVITZ on the ground of mootness be, and the same is, hereby DENIED.

2. That the defendant's Motion to Dismiss the Amended Complaint in Case No. 85–3945–CIV–ARONOVITZ pursuant to Fed.R.Civ.P. 12(b)(1) (lack of subject matter jurisdiction) be, and the same is hereby GRANTED.

3. That the plaintiff's Motion for Partial Summary Judgment or for Remand in Case No. 85–3945–CIV–ARONOVITZ be, and the same is, hereby DENIED.

In each of the above actions, the plaintiff(s) have challenged the validity of a 1979 Medicare regulation, codified at 42 C.F.R. 452(a)(1)(ii) (1984), which drastically changed the method by which health care providers which participate in the Medicare program are reimbursed for their expenses in securing malpractice liability insurance. The plaintiff group in Case No. 85–3943 challenge the regulation's application to their claims for reimbursement for the cost years ending in 1981, 1982 and 1983. Plaintiff Miami General Hospital, in Case No. 85–3945, seeks redress from this Court for the single cost year ending in 1981.

*1. The Defendant's Motion to Dismiss based on Mootness*

The sole basis advanced by the Secretary in his motion to dismiss the multi-plaintiff complaint in Case No. 85–3943 is that that action, insofar as it challenges only the 1979 regulation referred to hereinabove, has been rendered moot by the promulgation, by the Department of Health and Human Services, of a superseding regulation which became effective on May 1, 1986 ("the 1986 rule"). This new rule, by its own terms, purports to have retroactive effect through 1979, and would therefore, according to the defendant, control all of the claims of the plaintiffs herein. The defendant's argument, however, fails to account for the fact that the 1979 rule, which the new regulation purportedly amends, has been ruled invalid in this circuit, as well as by some thirty other courts. *Lloyd Noland Hospital v. Heckler*, 762 F.2d 1561 (11th Cir.1985), and cases cited therein.

Ordinarily, a new regulation promulgated under the "notice and comment" provisions of the Administrative Procedure Act, 5 U.S.C. 501 *et seq.*, is given only prospective application. *Daughters of Miriam Center v. Mathews*, 590 F.2d 1250 (3rd Cir.1978). Where such a regulation has the effect of amending or "curing" a

defect in a prior, valid regulation, however, retroactive application is appropriate. *Georgetown University Hospital v. Bowen* (Slip Op. 85–1845) (D.D.C. April 11, 1986). In the instant case, the policies favoring retroactive application of administrative rules are wholly lacking, since the rule to be amended has itself been invalidated. For the foregoing reasons, the defendant's motion to dismiss the complaint herein is DENIED.

2. *Defendant's Motion to Dismiss Based on Lack of Subject Matter Jurisdiction and Plaintiff's Partial Summary Judgment Motion*

In Case No. 85–3945, the Secretary has moved under Fed.R.Civ.P. 12(b)(1) to dismiss the complaint of the sole plaintiff, Miami General Hospital, due to the plaintiff's failure to satisfy the jurisdictional prerequisites for judicial review of a decision by the fiscal intermediary which determined, under the applicable regulation (the 1979 rule) the amount of reimbursement due to the plaintiff provider. The applicable statute, 42 U.S.C. 1395oo, provides for judicial review of such determinations only where all of its procedural requisites have been met, among which is the requirement that a provider dissatisfied with the intermediary's determination file a request for hearing before the Provider Reimbursement Review Board (PRRB) within 180 days after notice of such determination has been received. 42 U.S.C. 1395oo(a)(3). There is no dispute that this statutory requirement is jurisdictional, *V.N.A. of Greater Tift County v. Heckler*, 711 F.2d 1020 (11th Cir.1983), or that the plaintiff in this case failed to satisfy it. (The intermediary's Notice of Program Reimbursement was issued to the plaintiff on September 30, 1982; plaintiff did not file its request for hearing with the PRRB until May 20, 1983). Rather, the plaintiff opposes dismissal (and seeks partial summary judgment on the same grounds) on the basis that it requested, and was wrongly denied, an extension of the 180–day period in which to file its hearing request, that such denial was arbitrary and capricious, and that this

Court should therefore treat its hearing request as timely filed or, at a minimum, remand to the Board the decision denying the requested extension of time.

■ At the outset, this Court must determine whether it has jurisdiction to consider the plaintiff's appeal from the Board's discretionary decision to decline to extend the time for filing, as it is permitted to do by department regulation. 42 C.F.R. 405.1841(b) (allowing extension of the 180–day filing deadline of 42 U.S.C. 1395oo for "good cause shown".) In conjunction with the majority of courts which have taken up this question, the Court concludes that it is without jurisdiction to consider the plaintiff's appeal of the Board's refusal to exercise its discretion on the plaintiff's behalf, as such an action is not a "final decision" of the Board. *See St. Joseph's Hospital v. Heckler*, 786 F.2d 848 (8th Cir.1986); *Athens Community Hospital v. Schweiker*, 686 F.2d 989, 994 n. 4 (D.C.Cir.1982); *Cambridge Hospital Association v. Bowen*, 629 F.Supp. 612 (D.Minn.1986). *But see Western Medical Enterprises v. Heckler*, 783 F.2d 1376 (9th Cir.1986) (holding that denial of time extension under Medicare regulation is a final, appealable decision.)

■ Even assuming, *arguendo*, that the position taken by the *Western Medical* court is the correct one, i.e., that the Board's decision to deny Miami General a filing extension is reviewable under the applicable statutes, the plaintiff has completely failed to demonstrate that such denial was "arbitrary and capricious". Plaintiff directs the Court to three "factually indistinguishable" instances in which the PRRB chose to grant extensions of time for "good cause" under 42 C.F.R. 405.-1841(b), which, upon examination, fail to support the assertion of an "arbitrary and capricious" denial in this case. In one, involving a Virginia hospital, the Board there made no determination whatever as to whether "good cause" had been demonstrated; rather, it allowed the late-filed claim to proceed along with dozens of others without explicit reference to any re-

quest for a time extension under the regulation. (See Exhibit 6 to Plaintiff's Motion for Partial Summary Judgment.) Moreover, in Plaintiff's Exhibit 5, where four providers had requested "good cause" extensions under circumstances similar to those presented here, *three of the four* were denied by the Board! Thus, plaintiff has utterly failed to demonstrate that the PRRB in the instant case abused its discretion. For the above reasons, the Plaintiff's motion for a partial summary judgment or, in the alternative, to remand to the Provider Reimbursement Review Board is DENIED, and the defendant's Motion to Dismiss the Amended Complaint herein is GRANTED.