**SOUTH MIAMI HOSPITAL, Plaintiff,**

v.

**Otis R. BOWEN, Secretary of Department of Health and Human Services, Defendant.**

No. 86–1790 Civ.

United States District Court,
S.D. Florida.

March 31, 1987.

Patricia Seitz, Steel, Hector & Davis, Miami, Fla., Leonard Homer, Baltimore, Md., for plaintiff.

Lynn D. Rosenthal, Asst. U.S. Atty., Miami, Fla., Marcus H. Christ, Dept. of Health & Human Services, Baltimore, Md., for defendant.

## ORDER OF DISMISSAL

NESBITT, District Judge.

This cause is before the Court upon the Motion to Dismiss for lack of jurisdiction over the subject matter or in the alternative, for failure to state a claim upon which relief can be granted filed by the Defendant, OTIS R. BOWEN (BOWEN). Plaintiff, SOUTH MIAMI HOSPITAL (SMH) is a "provider of services" under the Medicare program, 42 U.S.C. § 1395 *et seq,* and seeks judicial review of whether the Provider Reimbursement Review Board (PRRB) properly denied jurisdiction over its appeal regarding a cost that was disallowed for reimbursement. Pursuant to 42 U.S.C. § 1395oo (a)(3), which states:

(a) Any provider of services which has filed a required cost report within the time specified in regulations may obtain a hearing with respect to such cost report by a Provider Reimbursement Review Board ... which shall be established by the Secretary in ... if—

(3) such provider files a request for a hearing within 180 days after notice of the intermediary's final determination ... within 180 days after notice of such determination would have been received if such determination had been made on a timely basis.

Therefore SMH must have filed this appeal to the PRRB within the 180 day limit. This time limit commences once the provider receives the "notice of program reimbursement" (NPR) on the costs claimed in the cost report setting forth the Medicare reimbursement to which the provider is entitled for the fiscal year. 42 C.F.R. § 405.1803. Once a final reimbursement determination is made and the amount in controversy is $10,000 or more, the provider may, within 180 days of receipt of the NPR, request a hearing with respect to such report before the PRRB. The PRRB "may" waive the statutory deadline for "good cause." 42 C.F.R. § 405.1841(a)(2)(b).

BOWEN contends that SMH failed to file its appeal within the 180 day time limit and thus has failed to satisfy the requirements for a PRRB hearing and is not entitled to judicial review over this provider reimbursement dispute. In this case, SMH received more than one NPR. SMH contends that it satisfied the 180 day requirement because it filed its appeal to the PRRB within 180 days of receipt of a revised NPR. However, this *revised* NPR did not address the cost allocation with which SMH was dissatisfied and subsequently requested a hearing on. That cost allocation or lack thereof was set forth in the initial NPR issued on August 15, 1983. The August 15, 1983 NPR covered the cost reporting period ending September 10, 1982. SMH was not satisfied with the disallowance of costs in this report that were associated with its employee Extended Illness Bank (EIB). SMH received another NPR on November 23, 1983. The amounts determined in the November 23, 1983 NPR were separate and distinct from the amount in dispute, the EIB disallowance.

■ SMH avers that it timely filed its appeal within 180 days of the revised NPR issued on November 23, 1983. It filed its appeal to the PRRB on March 29, 1984. SMH seeks judicial review of whether the PRRB's decision to commence the 180 days from the initial NPR (therefore finding that the requisite time limit had not been met), rather than the revised NPR, is arbitrary and capricious. The revised NPR of November 23, 1983 was a "separate and distinct" determination of costs pursuant to C.F.R. § 405.1889, which states the following:

Where a revision is made in a determination or decision on the amount of program reimbursement after such determination or decision has been reopened as provided in § 405.1885, such revision shall be considered a separate and distinct determination or decision to which the provisions of ... §§ 405.1835 [PRRB hearing], 495.1875 [Secretary's review] and 405.1877 [judicial review] are applicable.

**546**

The PRRB issued a decision to SMH on June 18, 1986 finding that SMH had filed its appeal request on March 29, 1984, appealing the EIB disallowance, which was issued in the August 15, 1983 NPR. The decision further explained that a revised NPR does not reopen the entire cost report to appeal, but merely creates an appeal right for those matters adjusted by the revised NPR. As the EIB disallowance was a determination in the original NPR, the revision was not related to it. The PRRB then went on to determine that the appeal request dealing with the EIB disallowance was not filed within 180 days of the date of the original NPR of August 15, 1983 required under C.F.R. § 405.1889 and that good cause had not been sufficiently demonstrated to extend the time limit of filing under 42 U.S.C. § 1395oo (a)(3).

SMH cites *Memorial Hospital, et al. v. Schweiker,* No. 80–67–Orl.-Civ.-Y (M.D.Fla. October 20, 1981) in support of its position that the PRRB has jurisdiction to consider an appeal taken with 180 days of a revised NPR, even though the subject of the appeal was not affected by the revised NPR. However, in *Memorial Hospital,* the NPR was reopened because the determination in the original NPR was found to be "inconsistent with the applicable law." 42 C.F.R. § 405.1885(b). In the instant case, SMH has not asserted that the determination concerning the EIB disallowance is inconsistent with the applicable law. Therefore, even though the NPR was reopened, the revision was a separate and distinct determination and the provisions of the right to review before the PRRB applied to it.

▪ The PRRB's decision to commence the 180 days from the date of the original NPR is therefore well founded. A NPR is necessary for a hospital to contest the actual dollar amount of reimbursement, for prior to its issuance, no indication appears as to whether all the costs submitted will be recouped. Each NPR issued is a final determination as to the amount of payment as required by Section 1395oo

(a)(1)(A)(i). Accordingly, SMH could have appealed each NPR as it issued. *See Doctors Hospital, Inc. of Plantation v. Bowen,* 811 F.2d 1448 (11th Cir.1987). Since SMH failed to appeal any adjustment that was included in the revised NPR, the PRRB had no basis to assume review over a separate and distinct issue which was not appealed within the statutory time limits.

42 U.S.C. § 1395oo (a)(3) requires that the provider request a hearing within 180 days of receipt of the final NPR. On April 29, 1986, SMH requested a good cause hearing before the PRRB under 42 C.F.R. 405.1841(b).[1] The PRRB may extend the 180 day limit if the provider demonstrates "good cause." As previously mentioned, the PRRB found that good cause to extend this limit was not present in this case and it dismissed the request for a hearing. In its complaint, SMH also requests this Court to find that the Board acted arbitrarily and capriciously in denying SMH's request for an extension of time to file a request for a hearing.

▪ As established in *Miami General Hospital v. Bowen,* 652 F.Supp. 812 (S.D. Fla.1986), this discretionary decision by the PRRB is nonreviewable by this Court. That Court concluded that "it is without jurisdiction to consider the plaintiff's appeal of the board's refusal to exercise its discretion on the plaintiff's behalf, such as an action is not a 'final decision' of the Board." "The PRRB has exclusive authority to decide whether the 180 day time period shall be extended" for good cause shown. *Arcadia Valley Hospital v. Bowen,* 641 F.Supp. 190, 192 (E.D.Mo.1986). This is the situation in the instant case. SMH has failed to satisfy the jurisdictional time requirement for a PRRB hearing. SMH did not request a hearing on the EIB disallowance within 180 days of its claim being denied in the August 15, 1983 NPR. SMH therefore failed to obtain a decision on the merits of its claim prior to filing this action. As in *Miami General,* no final

---

1. 405.1841 Time, place, form, and content of request for Board hearing. (b) Extension of time limit for good cause. A request for a Broad hearing filed after the time limit prescribed in paragraph (a) of this section shall be dismissed by the Board, except that for good cause shown, the time limit may be extended.

Board decision issued and this Court lacks jurisdiction to review the claims of SMH. *See St. Joseph's Hospital v. Heckler,* 786 F.2d 848 (8th Cir.1986); *Athens Community Hospital v. Schweiker,* 686 F.2d 989 (D.C.Cir.1982); *Cambridge Hospital Association v. Bowen,* 629 F.Supp. 612 (D.Minn. 1986). SMH has not demonstrated that the PRRB's actions in either its decision to commence the 180 days from the initial NPR or its decision to deny an extension of this limit for good cause are arbitrary and capricious. Accordingly, it is

ORDERED AND ADJUDGED that said Motion to Dismiss be and the same is hereby GRANTED.