### ST. MARY'S HEALTH CENTER OF JEFFERSON CITY, Appellant,

v.

### Otis R. BOWEN, Secretary of Health & Human Services, Appellee.

ARCADIA VALLEY HOSPITAL; St. Clare Hospital of Baraboo; St. Francis Hospital of Blue Island; St. Francis Hospital of Marceline; St. Joseph Health Center; St. Mary's Health Center; St. Mary's Health Center; St. Mary's Hospital; St. Mary's Medical Center; St. Mary's on the Mount Rehabilitation Center, Appellees,

v.

### Otis R. BOWEN, Secretary of Health & Human Services, Appellant.

Nos. 86–2034, 86–2033.

United States Court of Appeals, Eighth Circuit.

Submitted April 15, 1987.

Decided June 17, 1987.

---

494

Carel T. Hedlund, Baltimore, Md., for Arcadia Valley Hosp. and St. Mary's Health Center.

Marc Richmand, Washington, D.C., for Bowen.

Before McMILLIAN, Circuit Judge, BRIGHT, Senior Circuit Judge, and FAGG, Circuit Judge.

McMILLIAN, Circuit Judge.

In No. 86–2034 EM St. Mary's Health Center of Jefferson City (St. Mary's) appeals and the Secretary of the Department of Health and Human Services (the Secretary or the government) in No. 86–2033 EM cross-appeals from an order entered in the District Court for the Eastern District of Missouri granting the government's Fed.R. Civ.P. 60(b) motion, denying the hospital's motion to remand to the Provider Reimbursement Review Board (PRRB or Board), and denying the government's motion for an extension of time in which to file a notice of appeal and for entry of final judgment. *Arcadia Valley Hospital v. Bowen,* 641 F.Supp. 190 (E.D.Mo.1986).

For reversal, on the merits, St. Mary's argues that the district court erred in holding that it did not have subject matter jurisdiction to review the Board's denial of a good cause extension and that the Board abused its discretion in denying the good

cause extension. St. Mary's expressly invites the court to reconsider *St. Joseph's Hospital v. Heckler*, 786 F.2d 848 (8th Cir. 1986) (rehearing en banc denied June 5, 1986).

The government argues that these appeals should be dismissed as premature because the district court has not yet entered a final judgment and, alternatively, if the district court's February 7 order is a final judgment, the district court abused its discretion in denying the government's motion for a one-day extension of time to file a notice of appeal. St. Mary's argues that February 7 order was a final judgment, from which the government did not file a timely notice of appeal, and that these appeals are from and limited to the June 16 order granting Rule 60(b) relief, not the original February 7 order.

The government argues on the merits that the district court did not have subject matter jurisdiction because the Board's denial of a good cause extension was not a final administrative decision subject to judicial review under 42 U.S.C. § 1395oo (f). The government further argues that if the Board's denial of a good cause extension was a final administrative decision, it is not subject to judicial review because it is the kind of decision that has been committed to agency discretion by law and, if subject to judicial review, the Board did not act arbitrarily, capriciously or otherwise abuse its discretion.

Before the appeals were orally argued, the court requested the parties to file supplemental letter briefs on the question of appellate jurisdiction. For the reasons discussed below, we hold that we do not have appellate jurisdiction and accordingly dismiss these appeals.

On July 25, 1985, St. Mary's and nine other hospitals filed the underlying action in federal district court challenging the validity of the 1979 Malpractice Rule and its application to cost years 1980, 1981, 1982, and 1983. The hospitals alleged that the 1979 Malpractice Rule, 42 C.F.R. § 405.-452(b)(1)(ii) (1982) (renumbered as 42 C.F.R. § 405.452(a)(1)(ii) (1985)), had been promulgated in violation of the Administrative Procedure Act and was inconsistent with the Medicare Act and regulations. St. Mary's also challenged the Board's denial of its motion for extension of time to file an administrative appeal pursuant to 42 U.S.C. § 1395oo and 42 C.F.R. § 405.-1841(b) (good cause extension of 180 day time limit).

The 1979 Malpractice Rule "reimburses malpractice premiums based on the ratio of Medicare malpractice claims paid to the total malpractice claims paid during the year for which reimbursement is sought and the preceding four years." *Menorah Medical Center v. Heckler*, 768 F.2d 292, 293 (8th Cir.1985). The 1979 Malpractice Rule was "intended to prevent Medicare from reimbursing a 'disproportionate' share of the premiums." *Id.* at 294. Under the prior malpractice regulations, "Medicare reimbursed a hospital for malpractice premiums in proportion to the utilization that Medicare patients made of its services during the year in question. Malpractice premiums were pooled together with other general and administrative (G & A) costs, and then reimbursed according to the ratio of Medicare patient utilization." *Id.*

In October 1985 the hospitals filed a motion for summary judgment because, on July 24, 1985, this court held the 1979 Malpractice Rule was invalid in *Menorah Medical Center v. Heckler*, 768 F.2d at 295 (following *St. James Hospital v. Heckler*, 760 F.2d 1460 (7th Cir.), *cert. denied*, —— U.S. ——, 106 S.Ct. 229, 88 L.Ed.2d 228 (1985)). On February 7, 1986, the district court granted the hospitals' motion for summary judgment. *Arcadia Valley Hospital v. Bowen*, 632 F.Supp. 4 (E.D.Mo.1986).

On March 31, 1986, the government filed a Rule 60(b) motion for partial relief from summary judgment seeking dismissal of the claims of two of the ten hospitals, St. Mary's and St. Francis Hospital, Blue Island, on jurisdictional grounds. On April 9, 1986, the government attempted to file a notice of appeal from the February 7 order,

but the clerk of the district court refused the notice of appeal because, assuming the February 7 order was a final appealable order, April 9 was the sixty-first day and the notice of appeal was one day late. On April 18, 1986, the government filed a motion for extension of time in which to file a notice of appeal pursuant to Fed.R.App.P. 4(a)(5) and for entry of final judgment. The hospitals also filed a motion to remand their reimbursement claims to the Board. On June 16, 1986, the district court granted the government's Rule 60(b) motion, denied the government's motions for extension of time and for entry of final judgment and denied the hospitals' motion for remand. *Arcadia Valley Hospital v. Bowen,* 641 F.Supp. at 192–93.

On July 11, 1986, the hospitals filed a Rule 60(b) motion for clarification to limit the June 16 order to the claims of St. Mary's and St. Francis Hospital, Blue Island, for cost year 1980 only. These appeals were filed in mid-August 1986. Thereafter, on September 4, 1986, the district court granted the hospitals' motion for clarification.

We note that on April 1, 1986, the Secretary promulgated the new 1986 Malpractice Rule, 51 Fed.Reg. 11,142–11,196 (effective May 1, 1986) (to be codified in 42 C.F.R. pt. 405).

## SEPARATE DOCUMENT

The government argues these appeals are premature because the district court has not yet properly entered a judgment which would trigger the running of the time for appeal. The government argues the February 7 order cannot be a "judgment" because it does not comply with the separate document requirement set forth in Fed.R.Civ.P. 58 and was not correctly entered as a judgment on the docket sheet as required by Fed.R.Civ.P. 79(a). St. Mary's argues the February 7 order substantially complied with both Rules 58 and 79(a) and is the "judgment" of the district court.

Rule 58(2) provides in part that "[e]very judgment shall be set forth on a separate document. A judgment is effective only when so set forth and when entered as provided in Rule 79(a)." Rule 79(a) requires the clerk of the district court to enter "the substance of each order or judgment" on the civil docket. "Thus, two procedural requirements exist for entry of a judgment, which triggers the running of the time for appeal: first, a statement of the judgment on a separate document, and second, the entry of the judgment by the clerk on the civil docket." *Diamond v. McKenzie,* 770 F.2d 225, 228, 248 U.S.App. D.C. 169 (1985) (per curiam) (footnote omitted).

The February 7 order, dated and signed by the district judge, stated in full: "A memorandum dated this date is hereby incorporated into and made part of this order. IT IS HEREBY ORDERED that plaintiffs' motion for summary judgment be and is hereby granted." The February 7 memorandum is reported at 632 F.Supp. 4. The February 7, 1986, docket entry stated in full: "ORDER & MEMORANDUM, fld (JHM) Ptlff's motion for summary judgment is GRANTED. cc attys."

■ We hold that the February 7 order substantially complied with the Rule 58 separate document requirement: it was set forth on a separate document, separate and apart from the memorandum, as required by Fed.R.Civ.P. 58, and was dated and signed by the district judge. *See, e.g., Action Electric, Inc. v. Local 292, IBEW,* 818 F.2d 15, 17 (8th Cir.1987) (order). In addition, the substance of the February 7 order, specifically, the granting of the hospitals' motion for summary judgment, was entered on the docket as required by Fed. R.Civ.P. 79(a). *See Moore v. Warwick Public School District No. 29,* 794 F.2d 322, 324 n. 1 (8th Cir.1986); *In re Ozark Restaurant Equipment Co.,* 761 F.2d 481, 484 (8th Cir.1985); *cf. Peake v. First National Bank & Trust Co.,* 717 F.2d 1016, 1019 (6th Cir.1983) (order granting defense motion for summary judgment but not specifically directing entry of judgment held final judgment). It is apparent from the record that the district court intended the February 7 order to be its final decision. *Arcadia Valley Hospital v. Bowen,* 641 F.Supp. at 193. The parties and their attorneys treated the February 7 order as a

final judgment; the government filed a Rule 60(b) motion for partial relief from judgment, a notice of appeal and a motion for an extension of time to appeal. The government did not file a motion for entry of a separate document setting forth the judgment. *See, e.g., Moore v. Warwick Public School District No. 29,* 794 F.2d at 324 n. 1; *Hanson v. Town of Flower Mound,* 679 F.2d 497, 502 (5th Cir.1982). Moreover, under these circumstances, it would be appropriate to consider the separate document requirement had been waived by the parties. *See Bankers Trust Co. v. Mallis,* 435 U.S. 381, 384–88, 98 S.Ct. 1117, 1119–1121, 55 L.Ed.2d 357 (1978).

We remind the district courts, as well as the clerks of court and counsel, however, that

> [b]y labeling a separate document as a "judgment," [rather than as an "order" as in the present case,] the District Court may clearly signify its intent to finally dispose of a case....
>
> While we do not intend to suggest that the model form of judgment is the only means of complying with Rule 58, adherence to the format set forth in the Appendix of Forms would be of considerable assistance in eliminating uncertainty as to the nature of the District Court's action.

*Diamond v. McKenzie,* 770 F.2d at 229 n. 9; *see, e.g., Composite Technology, Inc. v. Underwriters at Lloyd's,* 762 F.2d 708, 709–10 n. 3 (8th Cir.1985).

**FINALITY**

Next, the government argues that, even if the February 7 order substantially complied with the separate document requirement, the February 7 order is not a final judgment because it resolved only the issue of liability, left unresolved the hospitals' requests for injunctive relief and for damages, and thus did not finally dispose of the underlying litigation. St. Mary's argues that the February 7 order finally disposed of the hospitals' action by invalidating the 1979 Malpractice Rule and ordering the Secretary to pay the hospitals' claims under the prior rule. St. Mary's argues that the omission of specific amounts of dam-

ages does not affect the finality of the February 7 order because such a determination is mechanical and uncontroversial.

Alternatively, the government argues that if the February 7 order is a final judgment, the district court abused its discretion in denying its motion for extension of time in which to file a notice of appeal pursuant to Fed.R.App.P. 4(a)(5). The government's notice of appeal was filed one day out of time.

■ "The question whether an order is a final order is separate from the question whether a separate document setting forth the judgment has been properly entered." *Diamond v. McKenzie,* 770 F.2d at 229. We hold the February 7 order is not a final order. The February 7 order granted the hospitals' motion for summary judgment, but it did not dispose of the hospitals' claims for injunctive relief and damages. The February 7 order was favorable to the hospitals on the issue of the validity of the 1979 Malpractice Rule, but the hospitals sought more than declaratory relief. The February 7 order really constituted a grant of partial summary judgment limited to the issue of liability and, as such, it is interlocutory and not "final" within the meaning of 28 U.S.C. § 1291. *E.g., Liberty Mutual Insurance Co. v. Wetzel,* 424 U.S. 737, 742, 96 S.Ct. 1202, 1205, 47 L.Ed.2d 435 (1976); *Aaro, Inc. v. Daewoo International (America) Corp.,* 755 F.2d 1398, 1400 (11th Cir.1985); *Wolf v. Banco Nacional de Mexico, SA,* 721 F.2d 660, 662 (9th Cir.1983); *National Corn Growers Ass'n v. Bergland,* 611 F.2d 730, 733 (8th Cir.1980) (per curiam).

We cannot construe the February 7 order as having granted the hospitals' prayer for injunctive relief. Contrary to St. Mary's argument, the issue of injunctive relief is not moot; it was not decided. At most, the February 7 memorandum contained imperative language (the hospitals "must be reimbursed"), but neither the order nor the memorandum ordered the government to do anything. An order granting an injunction would have been immediately appealable under 28 U.S.C. § 1292(a)(1). *Liberty*

*Mutual Insurance Co. v. Wetzel*, 424 U.S. at 744, 96 S.Ct. at 1206.

■ If the February 7 order had awarded damages, the fact that neither the February 7 order nor the memorandum determined the specific amount that each hospital was to be reimbursed under the pre–1979 regulations would not necessarily affect the finality of the February 7 order.

Normally an order that merely decides liability and leaves the determination of damages to future proceedings does not finally dispose of any claim; it is just a preliminary ruling on the plaintiff's damage claim. But if the determination of damages will be mechanical and uncontroversial, so that the issues the defendant wants to appeal before that determination is made are very unlikely to be mooted or altered by it—in legal jargon, if only a "ministerial" task remains for the district court to perform—then immediate appeal is allowed.

*Parks v. Pavkovic*, 753 F.2d 1397, 1404 (7th Cir.) (citations omitted), *cert. denied*, 473 U.S. 906, 105 S.Ct. 3529, 87 L.Ed.2d 653 (1985). Here, all that remained for the district court to do was to mechanically assess, by referring to the record, the specific amounts of money owed each hospital by the single party defendant, the government. The district court did not need to perform any calculations; the specific amounts each hospital claimed for its malpractice insurance premiums for each cost year are listed in the record and are not disputed.

Because the February 7 order did not award damages or order the government to reimburse the hospitals and left those claims for relief unresolved, the February 7 order is interlocutory and is not appealable under 28 U.S.C. § 1291. The order has not been certified for purposes of appeal under Fed.R.Civ.P. 54(b) or 28 U.S.C. § 1292(b).

**RULE 60(b) RULING**

The government argues that because Rule 60(b) applies only to relief from a *final* judgment or order, and if the February 7 order is not a final judgment, then the June 16 order is not appealable as a Rule 60(b) ruling. St. Mary's argues that the February 7 order is a final judgment which is no longer appealable because the time for filing an appeal has run and that only the June 16 order disposing of the government's and the hospitals' Rule 60(b) motions, not the February 7 final judgment, is subject to appellate review. St. Mary's argues the government must have considered the February 7 order a final judgment because it filed a Rule 60(b) motion, a notice of appeal and a motion for extension of time in which to file a notice of appeal, all referring to the February 7 order as a final judgment.

■ Rule 60(b) applies only to relief from a final judgment or order. *See, e.g., Chrysler Credit Corp. v. Macino*, 710 F.2d 363, 366 (7th Cir.1983), *citing* 7 J. Moore & J. Lucas, Moore's Federal Practice ¶ 60.-22[2], at 247 (2d ed. 1982). Because we have already determined that the February 7 order is not a final judgment, the June 16 order cannot be a ruling on a Rule 60(b) motion and thus is not appealable in and of itself. In any event, even if the February 7 order had been a final judgment, the June 16 order *granting* Rule 60(b) relief would have constituted a new amended judgment. *Compare Browder v. Director, Department of Corrections*, 434 U.S. 257, 263 n. 7, 98 S.Ct. 556, 560, 54 L.Ed.2d 521 (1978) (appeal of denial of Rule 60(b) motion does not bring up underlying judgment for review), *with International Controls Corp. v. Vesco*, 556 F.2d 665, 670 (2d Cir.1977) (grant of Rule 60(b) relief), *cert. denied*, 434 U.S. 1014, 98 S.Ct. 730, 54 L.Ed.2d 758 (1978). *See generally* 11 C. Wright & A. Miller, Federal Practice and Procedure § 2871, at 258–60 & n. 95 (1973) (if court grants Rule 60(b) motion and enters new judgment, time for appeal dates from entry of new judgment; grant of Rule 60(b) motion would be immediately appealable if it disposes of the case and leaves nothing more to be done).

Because the February 7 order is not final, we have no appellate jurisdiction under 28 U.S.C. § 1291 and must dismiss these appeals. If there is a later appeal from a final judgment, or an interlocutory appeal certified under Rule 54(b) or 28 U.S.C.

§ 1292(b), and the substantive issues are the same as those presented in the briefs filed in these appeals, the clerk's office will assign the appeal to this panel, and the parties may rely upon the briefs filed in these appeals and may seek leave to supplement those briefs if they wish to do so. We note that the government has questioned whether the hospitals' claims for reimbursement are subject to the 1986 Malpractice Rule. We express no view on whether, or to what extent, the 1986 Malpractice Rule should be applied retroactively. The parties may wish to pursue the retroactivity issue in district court.

Accordingly, the appeals are dismissed.