Melvin YATES, Plaintiff,

v.

DISTRICT OF COLUMBIA, et al., Defendants.

No. CIV.A. 00–0208 DAR.

United States District Court, District of Columbia.

Sept. 18, 2002.

---

4. *See* 28 U.S.C.A. § 1961(a); *http://www.federalreserve.gov/Releases/h15/20011022/* for the calculation of the rate.

Karl Wayne Carter, Jr., Washington, DC, for Plaintiff.

Judith K. Rayner, Eugene A. Adams, III, Melvin W. Bolden, Jr., Office of Corporation Counsel, D.C., Lisa Annette Bell, Office of the Attorney General Counsel DC Dept, of Consumer & Regulatory Affair, Washington, DC, Thomas L. Koger, Falls Church, VA, for Defendants.

### MEMORANDUM ORDER

DEBORAH ANN ROBINSON, United States Magistrate Judge.

Plaintiff, during the period relevant to the complaint filed herein, was employed by the District of Columbia Public Schools as a guidance counselor. In this action, he alleges that he was improperly rated for the 1998–99 school year as "unsatisfactory"; not placed on a "performance improvement plan" thereafter; improperly rated in violation of the applicable provisions of the Professional Performance Evaluation Process; and finally, terminated for alleged incompetence. Complaint for Declaratory, Injunctive Relief and Damages ("Complaint"), ¶ 13. As the basis of this court's jurisdiction over his claims, plaintiff invokes (1) the court's federal question jurisdiction, 28 U.S.C. § 1331; (2) Section 1983 of Title 28 of the United States Code; and (3) the Due Process Clause of the Fifth Amendment of the United States Constitution. Complaint, ¶¶ 2, 35–61.

Defendants—the District of Columbia, then-superintendent of the D.C. Public Schools Arlene Ackerman and the District of Columbia School Board—moved to dismiss the complaint, or in the alternative, for summary judgment. *See* Motion to Dismiss the Complaint or in the Alternative for Summary Judgment (Docket No. 18) at 1. As grounds therefore, defendants maintain that (1) plaintiff's allegations "do not give rise to federal question jurisdiction[,]" and that this court therefore lacks jurisdiction over the subject matter; (2) the District of Columbia School Board "is non sui [j]uris"; (3) Arlene Ackerman is entitled to absolute or qualified immunity; and (4) plaintiff cannot establish that an official custom or policy of the District of Columbia caused his injuries. *Id.* at 1–2; *see* Memorandum in Support of Motion to Dismiss or in the Alternative for Summary Judgment ("Defendants' Memorandum") at 3–11. Defendants deny that plaintiff has any protected property interest in his continued employment. Additionally, defendants proffer that plaintiff failed to appear at the hearing scheduled in accordance with the grievance procedure under the collective bargaining agreement, and that his non-appearance precludes any substantive due process claim. *Id.* at 2–4.

Plaintiff, in his opposition to defendants' motion, submits that "the District's position is in error" and that defendants' motion should therefore be denied. Plaintiff's Memorandum of Points and Authorities in Support of His Opposition to Defendant's Motion to Dismiss or in the Alternative for Summary Judgment ("Plaintiff's Memo-

randum") at 1. With no citation of authority, plaintiff submits that his protected property interests "are created and defined by the provisions of [the District of Columbia Public Schools' Professional Performance Evaluation Process] which established the performance program for the rating of a school system employee." Plaintiff's Memorandum at 2–3. Plaintiff does not address the authorities on which defendants rely; nor does he respond to defendants' contentions that the District of Columbia School Board is *non sui juris,* and that former superintendent Ackerman is entitled to immunity.

Defendants, in their reply, maintain that plaintiff's non-appearance for a hearing scheduled in accordance with the collective bargaining agreement between the Board of Education and the teachers union "foreclose[s] a claim of [a] substantive due process [violation]." Reply to Plaintiff's Opposition to Defendants' Motion to Dismiss or in the Alternative for Summary Judgment ("Defendants' Reply") (Docket No. 27) at 1. Relying on *Silverman v. Barry,* 845 F.2d 1072 (D.C.Cir.1988), which defendants first cited in the memorandum in support of their motion, defendants further maintain that plaintiff "has not asserted the sort of egregious behavior necessary to establish a violation of substantive due process." *Id.* at 1–2.

During a hearing on the defendants' motion on June 11, 2002, plaintiff's counsel appeared to acknowledge that either the administrative arena or the Superior Court of the District of Columbia could provide an appropriate forum for the resolution of plaintiff's claims. In his post-hearing memorandum filed in accordance with the court's instruction, plaintiff submits that this court has jurisdiction either to "remand this case for the exhaustion of administrative remedies[,]" or to "[dismiss] [it] without prejudice to allow the filing of a complaint in the Superior Court of the District of Columbia." Plaintiff's Memorandum in Reply to the Court's Suggestion of Remand to the Administrative Agency or in the Alternative to Dismiss Without Prejudice Plaintiff's Complaint and Allow Him to File in the Superior Court of the District of Columbia ("Plaintiff's Supplemental Memorandum") (Docket No. 30) at 1.

Defendants, in their response, submit that in the absence of jurisdiction over any of plaintiff's claims, the court may not "surrender jurisdiction of this suit to the Superior Court ... or alternatively to grievance/arbitration procedures under the applicable collective bargaining agreement or to the [Public Employees Relations Board]." Response to Plaintiff's Memorandum in Reply to the Court's Suggestion of Remand to the Administrative Agency or in the Alternative to Dismiss Without Prejudice to Plaintiff's Complaint and Allow Him to File in the Superior Court of the District of Columbia ("Defendants' Supplemental Memorandum") (Docket No. 31) at 3.[1] Defendants further submit that the dismissal of this action therefore should be with prejudice. *Id.* at 4.

## DISCUSSION

■ Upon consideration of defendants' motion to dismiss or for summary judgment, the memoranda in support thereof and in opposition thereto and the entire record herein, defendants' motion to dismiss for lack of subject matter jurisdiction will be granted, and the dismissal will be with prejudice. Plaintiff alleges that the

---

1. In addition, defendants observe that an order remanding the case in order for plaintiff to exhaust his administrative remedies "would be a nullity because of plaintiff's failure to seek timely review of his termination pursuant to the established grievance procedure[.]" Defendants' Supplemental Memorandum at 3.

termination of his employment "violated his constitutional rights to due process and was a taking of property without due process of law." Complaint, ¶ 1. However, no authority supports plaintiff's contention that the District of Columbia Public Schools' Professional Performance Evaluation Process "created and defined" a protected property interest in continued employment as a guidance counselor in the D.C. Public Schools.[2] Indeed, the relevant authority compels the opposite conclusion. *See Board of Regents v. Roth,* 408 U.S. 564, 575–579, 92 S.Ct. 2701, 33 L.Ed.2d 548 (1972) (property interests are created and defined by statutes, rules and understandings that "secure" certain benefits, and that support "claims of entitlement" to such benefits).

■ Also dispositive of plaintiff's claims is the holding of this Circuit that

[t]o succeed in a § 1983 suit for damages for a substantive due process or equal protection violation, a plaintiff must at least show that state officials are guilty of grave unfairness in the discharge of their legal responsibilities. Only a substantial infringement of state law prompted by personal or group animus, or a deliberate flouting of the law that trammels significant personal or property rights, qualifies for relief under § 1983.

*Silverman v. Barry,* 845 F.2d 1072, 1080 (D.C.Cir.1988) (citation omitted).

Here, plaintiff's complaint is devoid of any suggestion that the alleged violation of his rights was "prompted by personal or group animus," and any effort to pursue the first avenue to establish "grave unfairness" is thus precluded. To the extent he could be deemed to have pursued the second avenue, his effort is precluded, at least in part, by his failure to participate fully in the administrative proceedings for which the applicable collective bargaining agreement provided:

Theoretically, the reference to "trammell[ing] significant personal or property rights" might embrace trivial trammelling of an important property right, but we think our clear intent in *Silverman* was to confine the concept of substantive due process, itself oxymoronic, . . . to actions that in their totality are genuinely drastic. . . . [U]nless the victim of government imposition has pushed its local remedies to the hilt, it ordinarily will not be able to show the necessary substantiality.

*Tri County Industries v. District of Columbia,* 104 F.3d 455, 459 (D.C.Cir.1997) (citation omitted).[3]

■ Moreover, as no federal question is presented, this court has no basis upon which to enter an order remanding this action for further administrative proceedings, or to dismiss it without prejudice for plaintiff to file the action in the Superior Court. *Cf. Price v. United States,* 228 F.3d 420, 422 (D.C.Cir.2000), *reh'g en banc denied,* January 4, 2001, *cert. denied,* —— U.S. ——, 122 S.Ct. 234, 151 L.Ed.2d 168 (2001), *reh'g denied,* 534 U.S. 1158, 122 S.Ct. 1135, 151 L.Ed.2d 1026 (2002) (court lacked jurisdiction over plaintiff's federal claim, and "[a]s a consequence, . . . necessarily also lacked supplemental jurisdiction over [plaintiff's] state law claim[.]"). Even assuming, *arguendo,* the existence of a federal claim, entry of the requested order would, of necessity, require a finding that a state law claim had been pled. However, plaintiff alleges only federal claims, and his complaint includes no state law claim.

---

**2.** *See* Plaintiff's Memorandum at 2–3.

**3.** It is undisputed that plaintiff did not appear for the scheduled grievance hearing. *See* Defendants' Reply at 1.

## CONCLUSION

For the foregoing reasons, it is, this _____ day of September, 2002,

**ORDERED** that defendants' Motion to Dismiss the Complaint (Docket No. 18, Part 1) is **GRANTED**, and that this action is **DISMISSED WITH PREJUDICE**; and it is

**FURTHER ORDERED** that defendants' alternative Motion for Summary Judgment (Docket No. 18, Part 2) is **DENIED AS MOOT.**[4]

---

4. Plaintiff's non-compliance with Rule 56(c) of the Federal Rules of Civil Procedure and Local Rule 7.1(h) may have precluded a determination of that motion favorable to him in any event. *See Securities and Exch. Comm'n v. Banner Fund Int'l,* 211 F.3d 602, 616 (D.C.Cir.2000); *United States v. BCCI Holdings,* 977 F.Supp. 1, 6 (D.D.C.1997) (citing *Jackson v. Finnegan, Henderson, Farabow, Garrett & Dunner,* 101 F.3d 145, 160–51 (D.C.Cir.1996)).