Notice: This opinion is subject to formal revision before publication in the Federal Reporter or U.S.App.D.C. Reports. Users are requested to notify the Clerk of any formal errors in order that corrections may be made before the bound volumes go to press.

# United States Court of Appeals

FOR THE DISTRICT OF COLUMBIA CIRCUIT

————

Decided April 11, 2003

No. 02-7127

MELVIN YATES,
APPELLANT

v.

DISTRICT OF COLUMBIA, ET AL.,
APPELLEES

————

Appeal from the United States District Court
for the District of Columbia
(00cv0208)

————

On Motion for Summary Affirmance and
Motion for Summary Reversal

————

*Karl W. Carter, Jr.* was on the motion for summary reversal for appellant.

*Arabella W. Teal,* Interim Corporation Counsel, *Charles L. Reischel,* Deputy Corporation Counsel, and *James C. McKay,*

————

Bills of costs must be filed within 14 days after entry of judgment. The court looks with disfavor upon motions to file bills of costs out of time.

*Jr.,* Senior Assistant Corporation Counsel, were on the motion for summary affirmance for appellees.

Before: RANDOLPH, TATEL, and GARLAND, *Circuit Judges.*

Opinion for the Court filed PER CURIAM.

PER CURIAM: This case is here on cross-motions for summary disposition. Melvin Yates brought this appeal pursuant to 28 U.S.C. § 636(c)(3) from an order of a magistrate judge dismissing his complaint against the District of Columbia, and others. *See Yates v. District of Columbia*, 224 F. Supp. 2d 68 (D.D.C. 2002). The complaint alleged that Yates had been employed as a guidance counselor in a public school, that his performance was not properly rated, and that he was wrongly terminated for incompetence. His termination, Yates claimed, "violated his constitutional rights to due process and was a taking of property without due process of law." The complaint invoked 42 U.S.C. § 1983, which, together with its jurisdictional implementation (28 U.S.C. § 1343), treats the District of Columbia as a State and gives the district courts jurisdiction over civil actions to "redress the deprivation, under color of any State law, . . . of any right, privilege or immunity secured by the Constitution of the United States. . . ." *See Best v. Kelly,* 39 F.3d 328, 330 (D.C. Cir. 1994).

The case presents a few procedural tangles. Although the parties do not complain, the magistrate judge did not set forth the judgment on a separate document as Federal Rule of Civil Procedure 58 requires. Recent amendments to the Federal Rules of Appellate Procedure, not in effect when this appeal was taken, make clear that such a violation of Rule 58 will not affect the validity of an appeal from that judgment or order. FED. R. APP. P. 4(a)(7)(B). This is essentially the result the Supreme Court reached in *Bankers Trust Co. v. Mallis*, 435 U.S. 381 (1978) (per curiam), for non-conforming judgments, when–as here–the appellee does not object. *See Diamond v. McKenzie*, 770 F.2d 225 (D.C. Cir. 1985) (per curiam). We therefore have appellate jurisdiction. The next problem arises from the magistrate judge's ordering the action dismissed with prejudice for lack of subject matter

jurisdiction, on the grounds that Yates had no property right in continued employment and suffered no deprivation of property without due process. 224 F. Supp. 2d at 70–71. Despite the magistrate judge's description, her ruling did not rest on lack of jurisdiction. It was a decision on the merits. *Bell v. Hood*, 327 U.S. 678 (1946), established that even meritless claims are to be dismissed on the merits rather than for lack of jurisdiction. There is yet another problem. The defendants had moved to dismiss for failure to state a claim, pursuant to Rule 12(b), FED. R. CIV. P. (or in the alternative, for summary judgment). But Rule 12(b) was inapplicable: the defendants had already answered the complaint. The motion therefore should have been for judgment on the pleadings under Rule 12(c). A further problem arose when the parties submitted, and the magistrate judge considered, matters outside the pleadings. This had the effect of converting the Rule 12 motion, whether it was under Rule 12(b)(6) or Rule 12(c), into a motion for summary judgment. The resulting order therefore must be treated as a grant of summary judgment under Rule 56, although the magistrate judge treated the motion for summary judgment as moot, 224 F. Supp. 2d at 72. *See Mazaleski v. Treusdell*, 562 F.2d 701, 708 (D.C. Cir. 1977).

This brings us to the merits of the appeal. Yates maintains that he had a property interest in continued employment arising from the school board's evaluation procedures. *See Bd. of Regents v. Roth*, 408 U.S. 564, 576–79 (1972); *Washington Teachers' Union v. Bd. of Educ.*, 109 F.3d 774, 779–80 (D.C. Cir. 1997). But even if he did, he suffered no deprivation of substantive due process. "[O]nly the most egregious official conduct" rises to the level of a substantive due process violation. *County of Sacramento v. Lewis*, 523 U.S. 833, 846 (1998); *see City of Cuyahoga Falls v. Buckeye Community Hope Found.*, No. 01–1269, 2003 WL 1477301, at *7 (U.S. Mar. 25, 2003); *Tri County Indus., Inc. v. District of Columbia*, 104 F.3d 455, 459 (D.C. Cir. 1997); *Silverman v. Barry*, 845 F.2d 1072, 1080 (D.C. Cir. 1988). Yates claims the school board acted irrationally and arbitrarily in evaluating his job performance, in disciplinary actions against him, and in termi-

nating his employment. But the record is to the contrary. All that appears is a "rational connection" between the school board's actions and its legitimate interest in providing students a competent educational staff. *Harrah Indep. Sch. Dist. v. Martin,* 440 U.S. 194, 198–99 (1979); *see Comm. of U.S. Citizens Living in Nicaragua v. Reagan,* 859 F.2d 929, 943–44 (D.C. Cir. 1988). We see nothing in the record that amounts to abusive executive action of constitutional proportions. *See County of Sacramento,* 523 U.S. at 847 n.8. Yates pursued his claim through several steps of the grievance procedure but when a hearing was scheduled, he did not show up. The hearing went forward, his union presumably represented him nonetheless and lost. Yates reached the end of the administrative line, although he was absent from the final step. Our decision rejecting Yates' substantive due process claim will therefore be on the merits, *compare Tri County,* 104 F.3d at 460, as in actuality was the magistrate judge's decision.

In opposing summary disposition Yates may also have been thinking that he suffered a lack of procedural due process. But the collective bargaining agreement between the Board of Education and the Washington teachers' union contained grievance procedures incorporating the basic elements of constitutional due process: notice and the opportunity to be heard. *See Mathews v. Eldridge,* 424 U.S. 319 (1976). Yates simply failed to take advantage of all the process due him. Furthermore, the complaint contains no allegation that the grievance procedures were inadequate and Yates did not raise such a claim before the magistrate judge. *See Marymount Hosp., Inc. v. Shalala,* 19 F.3d 658, 663 (D.C. Cir. 1994).

We therefore affirm on the ground that there were no genuine issues of material fact and that the defendants were entitled to judgment as a matter of law. *See Jenkins v. Washington Convention Ctr.,* 236 F.3d 6, 8 n.3 (D.C. Cir. 2001).