**Vernard EVANS, Plaintiff,**

v.

**Kathleen SEBELIUS, Secretary of the Department of Health and Human Services, Defendants.**

**Civil Action No. 08-1077 (RBW)**

United States District Court, District of Columbia.

Signed 03/31/2011

---

David H. Shapiro, Ellen K. Renaud, Richard L. Swick, Swick & Shapiro, P.C., Washington, DC, for Plaintiff.

Wyneva Johnson, Carl Ezekiel Ross, U.S. Attorney's Office for the District of

Columbia, Daria J. Zane, Whitman-Walker Health, Washington, DC, for Defendants.

## ORDER

REGGIE B. WALTON, United States District Judge

Vernard Evans, the plaintiff in this civil case, brings this action against the Secretary of the Department of Health and Human Services in her official capacity, alleging a violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e–16(a) (2006) ("Title VII"), on the basis that the Department engaged in a discriminatory employment practice against her based on her race (African-American), Second Amended Complaint ("Second Am. Compl.") ¶ 1. Specifically, the plaintiff alleges discrimination by Patricia Morrissey, the Commissioner of the Administration for Development Disabilities (the "ADD"),[1] when she detailed Faith McCormick in September 2001 to an Executive Assistant position in the ADD, instead of allowing the plaintiff and other African-American employees the opportunity to compete for the position. Id. ¶¶ 2, 8. Currently before the Court is the defendant's Motion to Dismiss, or Alternatively, for ... Summary Judgment.[2] After carefully considering the defendant's motion and all memoranda of law and exhibits submitted by the parties that are relevant to this motion,[3] the Court concludes for the reasons below that it must grant the defendant's motion for summary judgment.

The defendant's motion seeks dismissal for failure to state a claim, or in the alternative, summary judgment. The Court will treat such a motion as one for summary judgment when "matters outside the pleadings are presented to and not excluded by the court ..., [and] [a]ll parties [have been] given reasonable opportunity to present all the material that is pertinent to the motion." Fed. R. Civ. P. 12(d); see Yates v. District of Columbia, 324 F.3d 724, 725 (D.C. Cir. 2003); Ross v. United States, 591 F.Supp.2d 48 (D.D.C. 2008) (Walton, J.). Here, treating the entire motion under the summary judgment standard of review is appropriate because "the [defendant's] motion[ ] [was] in the alternative for summary judgment and the parties had the opportunity to submit ...

---

1. The ADD is a subordinate office of the Administration for Children and Families (the "ACF"), which in turn is a component of the Department of Health and Human Services. Evans v. Sebelius, 674 F.Supp.2d 228, 233 (D.D.C. 2009) (Walton, J.).

2. The Court previously granted summary judgment in favor of the defendants with respect to two other claims of alleged discrimination. Id. at 247–48. The Court noted in its previous opinion that the claim that is the subject to this Order was substantially similar to one of the two previously adjudicated claims, but that nonetheless the plaintiff had failed to sufficiently plead the current claim. Id. at 248. Because of this deficiency, the Court concluded that the defendant did not have an opportunity to respond to the current claim, and it directed the plaintiff to amend her complaint to include this allegation. Id. at 247–48.

3. The submissions considered by the Court in reaching its decision were the Plaintiff's Second Amended Complaint (the "Second Am. Compl."), the Defendant's Memorandum of Points and Authorities in Support of [Its] Motion to Dismiss, or Alternatively, ... Summary Judgment (the "Def.'s Mem."), the Plaintiff's Opposition to Defendant's Motion to Dismiss[,] or[ ]Alternatively, for Summary Judgment (the "Pl.'s Mem."), the Defendant's Reply to Plaintiff's Opposition to Defendant's Motion to Dismiss, or Alternatively, for Summary Judgment (the "Def.'s Reply"), and the Defendant's Notice of Filing Corrected Reply to Plaintiff's Opposition to Defendant's Motion to Dismiss, or[ ] Alternatively, for Summary Judgment and Notice of Additional Legal Authority (the "Def.'s Correction").

materials in support and in opposition" to it. Americable Int'l, Inc. v. Dep't of Navy, 129 F.3d 1271, 1274 n.5 (D.C. Cir. 1997) (finding that it would not be "unfair" to treat such a motion as one for summary judgment).

To grant a motion for summary judgment, the Court must find that "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). When ruling on a motion for summary judgment, the Court must view the evidence in the light most favorable to the non-moving party, Holcomb v. Powell, 433 F.3d 889, 895 (D.C. Cir. 2006), and must also draw "all justifiable inferences" in the non-moving party's favor and accept the non-moving party's evidence as true, Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). However, the non-moving party cannot rely on "mere allegations or denials," Burke v. Gould, 286 F.3d 513, 517 (D.C. Cir. 2002) (quoting Anderson, 477 U.S. at 248, 106 S.Ct. 2505) (internal quotation marks omitted), but must set forth specific facts showing that there is a "genuine issue for trial," Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986) (internal citation omitted).

■ In addition, the non-moving party cannot rely upon inadmissible evidence to survive summary judgment; rather, the non-moving party must rely on evidence that would arguably be admissible at trial. Greer v. Paulson, 505 F.3d 1306, 1315 (D.C. Cir. 2007) (finding that "[t]o survive summary judgment the non-moving party must 'produce evidence . . . capable of being converted into admissible evidence'" and that "'sheer hearsay[ ] . . . counts for nothing'" (internal citations omitted)). However, the party moving for summary judgment bears the burden of establishing the absence of evidence that supports the non-moving party's case. Celotex Corp. v. Catrett, 477 U.S. 317, 325, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). Finally, because of the difficulty of establishing discriminatory intent, "an added measure of rigor, or caution, is appropriate in applying this standard to motions for summary judgment in employment discrimination cases." Aka v. Wash. Hosp. Ctr., 116 F.3d 876, 879–80 (D.C. Cir. 1997) (internal quotation marks omitted), rev'd on other grounds, 156 F.3d 1284 (D.C. Cir. 1998) (en banc).

■ Title VII provides that "personnel actions affecting employees . . . in executive agencies . . . shall be made free from any discrimination based on race. . . ." 42 U.S.C. § 2000e–16 (2006). The District of Columbia Circuit has held that when considering a motion for summary judgment "[i]n a . . . disparate-treatment suit where an employee has suffered an adverse employment action and the employer has asserted a legitimate, non-discriminatory reason for the decision, the district court need not—and should not—decide whether the plaintiff actually made out a prima facie case" and must "resolve one central question: Has the employee produced sufficient evidence for a reasonable jury to find that the employer's asserted non-discriminatory reason was not the actual reason and that the employer intentionally discriminated against the employee on the basis of race. . . ." Brady v. Office of Sergeant at Arms, 520 F.3d 490, 494 (D.C. Cir. 2008). This necessarily means that before the Court determines whether a reasonable jury would have sufficient evidence to find discrimination on the part of the employer, the employee, at a minimum, must demonstrate that she suffered an adverse employment action. See id. at 493; see also Dorns v. Geithner, 692 F.Supp.2d 119, 131 (D.D.C. 2010) (Walton, J.) ("Title VII . . . requires that plaintiff suffered

some adverse employment action"); Nur-riddin v. Goldin, 382 F.Supp.2d 79, 102 (D.D.C. 2005) (Bates, J.) ("[T]he necessary threshold element for any Title VII discrimination claim [is] an adverse employment action.").

Here, the plaintiff alleges that she suffered an adverse employment action resulting from Ms. Morrissey's decision to detail Ms. McCormick to the ADD as the Executive Assistant in September 2001. In support of her position, the plaintiff contends that the detail to the Executive Assistant Position carried "promotion potential to the GS-15 level." Pl.'s Mem. at 8 (emphasis added). She further argues that if she had been detailed to the Executive Assistant position, she "would have received GS-14 pay." Id. (emphasis added). In other words, the plaintiff asserts that Ms. McCormick's "detail was not [a] lateral" detail as represented by the defendant. Plaintiff's Responses to Defendant's Statement of Material Facts ("Pl.'s Stmt. of Facts") ¶ 8.

■ The denial of a lateral transfer, a transfer that results in "no diminution in pay or benefits," Stewart v. Ashcroft, 352 F.3d 422, 426 (D.C. Cir. 2003), constitutes an adverse employment action only where the plaintiff experiences an "adverse change in the terms, conditions, or privileges of employment," Dorns, 692 F.Supp.2d at 132 (quoting Stewart v. Evans, 275 F.3d 1126, 1135 (D.C. Cir. 2002)) (internal quotation marks omitted). Thus, the denial of a detail constitutes "an adverse action only if the denial also 'entailed materially adverse consequences affecting the terms, conditions or privileges of the [plaintiff's] employment.'" Id. (alteration in original) (quoting Roebuck v. Washington, 408 F.3d 790, 794 (D.C. Cir. 2005)). For example, an adverse action occurs if the denial of a detail deprives the plaintiff of an opportunity to enhance her future employment opportunities. See id.; see also Stewart, 352 F.3d at 427 (finding denial of a lateral transfer an adverse employment action where lateral transfer provided "for a position with substantially greater supervisory authority"). An adverse employment action may even occur if the plaintiff was temporarily denied a promotion. Elam v. D.C. Fire & EMS Dep't, No. Civ. A. 03–1407 (GK), 2005 WL 1903557, at *5 (D.D.C. July 19, 2005).

■ Applying these governing principles to the present case, the Court finds the plaintiff's arguments to be devoid of merit. With regard to her promotion potential argument, the Court, in its previous opinion in this matter, found that after "certain budgetary restrictions were lifted, [Ms.] Morrissey issued a vacancy announcement for the Executive Assistant position, GS-15 level." Evans v. Sebelius, 674 F.Supp.2d 228, 236 (D.D.C. 2009) (Walton, J.); see also Pl.'s Mem., Ex. 2 (Hearing Testimony of Patricia Morrissey, Mar. 9, 2006) ("Morrissey Hr'g") at 33 (explaining that the GS-15 Executive Assistant position opened up only after Nancy McCullough officially went to Social Security). The Court also found that "[a]s the only applicant, [Ms.] Morrissey selected Ms. McCormick for the position." Evans, 674 F.Supp.2d at 236. Therefore, Ms. McCormick's detail itself to the Executive Assistant position carried no promotion potential to the GS-15 level because she became a GS-15 Executive Assistant only after she applied, and was selected, for the position by Ms. Morrissey. In other words, Ms. McCormick did not become a GS-15 because of the detail. Indeed, the plaintiff has not provided any evidence that Ms. Morrissey selected Ms. McCormick because she was already in the Executive Assistant position, or that Ms. McCormick acquired skills pursuant to the detail that made her a more competitive and attrac-

tive candidate for the GS-15 Executive Assistant position.[4] See Maramark v. Spellings, No. 01–2206 (CCK), 2006 WL 276979, at *15 (D.D.C. Feb. 3, 2006), aff'd, 2007 WL 2935411 (D.C. Cir. Sept. 20, 2007) (finding that a plaintiff could establish an adverse employment action where the denied "detail itself or the skills acquired pursuant to that detail could have led to a promotion or permanent position").

Along those same lines, the plaintiff has not alleged that the detail would have enhanced her future employment opportunities. See Dorns, 692 F.Supp.2d at 132 (finding an adverse action would be possible if a detail would have provided growth or promotion potential); see also Brookens v. Solis, 616 F.Supp.2d 81, 91 (D.D.C. 2009) (Huvelle, J.) (finding no adverse action where plaintiff's assertion was "vague and speculative" and no additional facts established that a detail would have "provided [the plaintiff] training, experience and promotional or advancement opportunities"); Maramark, 2006 WL 276979, at *15 (explaining that a denial of a detail constitutes an adverse action if the plaintiff "prove[s] that either the detail itself or the skills acquired pursuant to that detail could have led to a promotion or permanent position"). The plaintiff does not assert, for instance, that Ms. McCormick's role as the Executive Assistant came with any substantial supervisory authority, cf. Pl.s' Mem., Ex. 4 (Hearing Testimony of Faith McCormick, Mar. 9, 2006) ("McCormick Hr'g") at 175 (answering in the negative when asked if her detail was considered "supervisory"), such that her future career opportunities would have been enhanced by the detail, see Stewart, 352 F.3d at 427 (finding an adverse employment action where plaintiff was denied "a position with substantially greater supervisory authori-

ty"). Thus, there is nothing in the record from which the Court can conclude that the Executive Assistant detail carried with it enhanced promotional potential.

As for the plaintiff's contention that "[Ms.] Morrissey denied [her] the opportunity to apply for a detail that would have temporarily entitled her to additional pay," this argument is also without merit. Pl.'s Stmt. of Facts ¶ 8 (emphasis added); see also Pl.'s Mem. at 7. This Court has previously found that before Ms. McCormick accepted the detail to the ADD as the Executive Assistant, she was already a GS-14 working in the Office of the Secretary in the Intergovernmental Affairs Office. Evans, 674 F.Supp.2d at 236. After her detail became official, Ms. Morrissey presumably remained at the GS-14 level because she became a GS-15 employee only after being selected for the Executive Assistant position. See id. In other words, "[b]ecause there was no separately budgeted position available at the time of [Ms.] McCormick's detail [to the] ADD [in September 2001]," Ms. McCormick was detailed at her then current GS-14 level. Def.'s Reply at 4. Accordingly, "if the plaintiff . . . had been detailed to the Executive Assistant position" instead of Ms. McCormick, she "would have been detailed at her then GS[-]13 level position." Id. Thus, the plaintiff was not denied a temporary promotion because she would not have temporarily received a GS-14 salary if she had been detailed to the Executive Assistant position. See Elam, 2005 WL 1903557, at *6 (finding adverse employment action where plaintiff was temporarily denied a position with "an increase in pay as well as additional responsibilities").

To be sure, there are no other adverse employment actions that the plaintiff has either alleged or proven. While Ms.

4. Although the plaintiff asserts that she "was denied a temporary increase in responsibili-

ty," Pl.'s Mem. at 7, there is no evidence in the record to that effect.

10

McCormick served as Ms. Morrissey's Executive Assistant during the detail, the plaintiff did not lose her position within the agency, and her work responsibilities remain essentially unchanged. Def.'s Mem., Ex. 11 (Hearing Testimony of Vernard Evans) ("Evans Hr'g") at 150 (explaining that "[her] work was pretty much the same ... [and her] assignments were basically the same."). For the reasons expressed above, and because the nature of her employment was unaffected by Ms. McCormick's detail, the plaintiff has not demonstrated that she suffered any adverse consequences affecting the terms, conditions or privileges of her employment. See Dorns, 692 F.Supp.2d at 132.

In sum, because the plaintiff has not demonstrated that she suffered an adverse employment action as a result of being denied a detail in September 2001 to the Executive Assistant position at the ADD, the Court must grant summary judgment in favor of the DHHS. Accordingly, it is

**ORDERED** that the defendant's motion for summary judgment is **GRANTED**. It is further

**ORDERED** that the defendant's motion to dismiss is **DENIED** as moot. It is further

**ORDERED** that this case is **CLOSED**.

**SO ORDERED** this 31st day of March, 2011.